IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> MILLENNIUM LAB HOLDINGS II, LLC, *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 15-12284 (LSS) <br><br> Jointly Administered |
| MARC S. KIRSCHNER solely in his capacity as TRUSTEE OF THE MILLENNIUM CORPORATE CLAIM TRUST, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., CITIBANK N.A., BMO HARRIS BANK, N.A., and SUNTRUST BANK, <br><br> Defendants. | Adv. Pro. No. 17-51840 (LSS) |

## SCHEDULING ORDER

To promote its efficient and expeditious disposition, the following schedule shall apply to the above-captioned adversary proceeding (the "Adversary Proceeding"):

1. Any joinder of other parties shall be completed by the substantial completion date for third-party document productions set forth in Paragraph 10(b) below.

2. Pleadings may be amended at any time prior the close of fact discovery in accordance with Fed. R. Civ. P. 15(a)(2).

3. Within five (5) days of the entry of this Order, each party shall identify its respective "e-discovery liaison" under Local Rule 7026-3(c) to the other parties and the person so identified shall also act as "retention coordinator" for a party pursuant to Local Rule 7026-3(g)

absent a different designee. No later than February 9, 2018, the parties' e-discovery liaisons shall begin "meet and confer" sessions regarding the retention and discovery of electronically-stored information ("ESI"), including the parameters (*i.e.*, custodians, time periods, search terms) for ESI searches and ESI production format.

4. Documents and ESI previously produced to the Corporate Trust by a Defendant, corporate affiliate of a Defendant or agent of a Defendant in response to a Bankruptcy Rule 2004 discovery request issued by the Corporate Trust in the above-captioned Chapter 11 proceedings shall be available for use by Plaintiff in the above-captioned Adversary Proceeding provided that copies of such documents have been provided to all parties to this Adversary Proceeding. Plaintiff and Defendants shall cooperate in the negotiation of particular document custodians, ESI search terms and time periods related to Plaintiff's document requests or subpoenas for documents or ESI to minimize duplication of previously-produced documents or ESI.

5. The parties shall memorialize their points of agreement and disagreement on discovery of ESI on or before March 16, 2018 and shall be prepared to submit their points of disagreement to the Court pursuant to the procedures set forth below.

6. All other discovery is stayed pending the Court's resolution of *Defendants' Motion to Dismiss the Complaint or to Stay Proceedings* (the "Motion") (Adv. Pro. Doc. 11). If the Court enters an order in which it denies in whole or in part the motion to dismiss and which order does not impose a stay of proceedings (a "Denial Order"), the stay of discovery shall dissolve and the parties may, at any time after entry of the Denial Order, serve formal written requests and subpoenas for production of hard-copy documents and ESI upon one another and upon third-parties. Unresolved disputes regarding production of ESI shall be referred to the Court within 30 days of the Denial Order in accordance with Paragraph 14 below.

7. Defendants may serve upon Plaintiff discovery requests directed to Millennium Health LLC, the other Millennium Debtors (as defined in D.I. 195-1) and their respective predecessors and employees (the "Company") relating to the claims and defenses in this Adversary Proceeding. Plaintiff shall be responsible for providing the Company's responses to Defendants' discovery requests and, in so doing, shall exercise all his rights under the Millennium Corporate Claim Trust Agreement dated December 21, 2015 to obtain full cooperation from the Company in responding to such discovery requests without requiring Defendants to propound non-party discovery requests upon the Company.

8. If this Court enters a Denial Order, within thirty-days of such entry, the parties shall (i) exchange the disclosures required under Fed. R. Civ. P. 26(a)(1) and (ii) submit to this Court a proposed Confidentiality Stipulation and Protective Order relating to discovery herein that shall apply to and supersede the Stipulation and Order applicable to Rule 2004 discovery.

9. After the exchange of Rule 26(a)(1) disclosures, Defendants as a group may jointly serve one set of up to 20 Interrogatories (inclusive of subparts) on Plaintiff. Each Defendant may also serve up to 5 interrogatories (inclusive of subparts) directed to Plaintiff regarding issues specific to that Defendant. At the same time, Plaintiff may serve one set of up to 20 Interrogatories (inclusive of subparts) common to all Defendants and may also serve up to 5 Interrogatories (inclusive of subparts) directed to each specific Defendant. The subject matter of Interrogatories shall be the identification and location of documents, ESI and witnesses and other factual information reasonably believed by the propounding party not to be reasonably discoverable through document/ESI discovery. No contention interrogatories shall be permitted.

RLF1 18731883v.1

10.     Document and ESI discovery shall be conducted in such a manner as to provide for substantial completion of (a) exchanges among parties within 180 days after entry of the Denial Order and (b) productions by third-parties within 270 days after the Denial Order.

11.     No party shall serve more than 25 requests for admission, and no requests for admission shall be served until after the completion of depositions of fact witnesses. Subject to further order of the Court on application of any party, the presumptive 10 deposition limit of Fed. R. Civ. P. 30(a)(2) shall apply.

12.     Notices of depositions and subpoenas for deposition testimony addressed to party and third-party fact witnesses may be served beginning with the substantial completion date for document/ESI exchange among parties and such fact witness depositions shall be substantially complete on or before 365 days from the Denial Order. Unless otherwise mutually agreed by and among "taking" and "defending" counsel and other counsel representing a witness under the control of a party, depositions shall be noticed for and conducted in the city, town or village where the witness resides, is employed or regularly transacts business in person.

13.     All fact discovery shall be completed by 1 year plus 90 days from entry of the Denial Order.

14.     Disputes over fact discovery issues, including but not limited to disputes over written requests or responses regarding documents and ESI, the withholding or redactions of responsive documents or ESI based on privilege, the number and content of deposition notices and subpoenas, objections to testimony at deposition and requests for admissions and any other matters in the nature of a motion to compel or for a protective order, shall (after counsel have reached impasse through the "meet and confer" process) be presented first to the Court by a single letter of the interested parties of no more than three (3) pages for each "side" in the dispute

4

regardless of the number of parties involved or affected. The Court shall direct the parties regarding any further dispute resolution procedures, including motion practice and, if applicable, the submission of withheld/unredacted documents or some samples thereof for *in camera* review.

15. Prior to the close of fact discovery, the parties shall meet and confer regarding a proposed schedule for expert discovery which shall provide for a period of 120 days from the close of fact discovery for exchange of expert disclosures and completion of expert depositions.

16. Prior to the conclusion of expert discovery, the parties will jointly request the Court to set a telephonic conference for the purposes of further scheduling, including dispositive motion practice (*i.e.*, summary judgment motion briefing) and the establishment of dates for a pretrial order, pre-trial conference and trial.

SO ORDERED:

Dated: January 9, 2018
Wilmington, Delaware

_____
THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE