# **EXHIBIT D**

RLF1 28568147v.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | :    Chapter 11 |
| | : |
| MILLENNIUM LAB HOLDINGS II, LLC, *et al.*, | :    Case No. 15-12284 (LSS) |
| | : |
| Debtors. | :    Jointly Administered |
| | : |
| MARC S. KIRSCHNER solely in his capacity as TRUSTEE of THE MILLENNIUM CORPORATE CLAIM TRUST, | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | :    Adv. Pro. No. 17-51840 (LSS) |
| | : |
| J.P. MORGAN CHASE BANK, N.A., CITIBANK N.A., BMO HARRIS BANK, N.A. and SUNTRUST BANK, | : |
| | : |
| | :    **Re: Adv. D.I. 247** |
| Defendants. | : |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING
## <u>DEFENDANTS' AFFIRMATIVE DEFENSES</u>

RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
Jason M. Madron (No. 4431)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700

-and-

RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
Jason M. Madron (No. 4431)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700

-and-

Adv. D.I. 278
Filed: 10/24/22

Christopher Michael Viapiano
Oliver W. Engebretson-Schooley
Julie G. Petiford
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W. Suite 700
Washington, D.C. 20006-5215
Telephone: (202) 956-7500

-and-

Ann-Elizabeth Ostrager
Mark A. Popovsky
SULLIVAN & CROMWELL
125 Broad Street
New York, New York 10004-2498
Telephone: (212) 558-4000

*Attorneys for JPMorgan Chase Bank, N.A.*

POLSINELLI PC
Christopher A. Ward (No. 3877)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920

-and-

Stephen Mark Dollar
Sean M. Topping
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone: (212) 318-3000

*Attorneys for BMO Harris Bank, N.A.*

Benjamin S. Kaminetzky
Lara Samet Buchwald
Tina Hwa Joe
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000

*Attorneys for Citibank, N.A.*

J. Emmett Murphy
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2191

-and-

John C. Toro
Paige Nobles Clifton
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 572-2806

*Attorneys for SunTrust Bank*

October 24, 2022

**Table of Contents**

NATURE AND STAGE OF PROCEEDINGS ...................................................................1

SUMMARY OF ARGUMENT ......................................................................................1

COUNTER-STATEMENT OF FACTS .........................................................................4

LEGAL STANDARD...................................................................................................8

ARGUMENT .............................................................................................................9

I.    PLAINTIFF FAILS TO CARRY HIS BURDEN TO DEMONSTRATE A BASIS
      TO GRANT SUMMARY JUDGMENT ON THE AFFIRMATIVE DEFENSES
      AT ISSUE ........................................................................................................9

      A.    Plaintiff Fails to Carry His Burden on Defendants' Public Disclosure
            Defenses, Which Properly Negate Allegations Supporting the Actual
            Fraudulent Transfer Claim...........................................................................9

      B.    Plaintiff Cites No Authority Regarding Defendants' Reasonable Good
            Faith Defense ............................................................................................10

      C.    Plaintiff Fails to Carry His Burden on Defendants' Affirmative Defenses
            on Pleading Deficiencies, Which Properly Preserve the Defenses for
            Appeal .......................................................................................................12

II.   DEFENDANTS WITHDRAW THEIR DAMAGES-RELATED AFFIRMATIVE
      DEFENSES IN LIGHT OF PLAINTIFF'S AMENDED INTERROGATORY
      RESPONSE......................................................................................................12

CONCLUSION...........................................................................................................14

## **Table of Authorities**

PAGE

CASES

*Armbruster v. Unisys Corp.*,
  32 F.3d 768 (3d Cir. 1994) ........................................................................... 9

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ..................................................................................... 8

*In re Devonshire PGA Holdings LLC*,
  548 B.R. 689 (Bankr. D. Del. 2016) ........................................................... 11

*Flame S.A. v. Indus. Carriers, Inc.*,
  2014 WL 2871432 (E.D. Va. June 24, 2014) ............................................. 12

*Greiff v. T.I.C. Enterprises, L.L.C.*,
  2004 WL 115553 (D. Del. Jan. 9, 2004) ..................................................... 12

*Kupetz v. Wolf*,
  845 F.2d 842 (9th Cir. 1988) ...................................................................... 10

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
  312 F. Supp. 2d 639 (D. Del. 2004) .............................................................. 8

*Saldana v. Kmart Corp.*,
  260 F.3d 228 (3d Cir. 2001) ...................................................................... 8–9

*In re Weiand Auto. Indus.*,
  612 B.R. 824 (Bankr. D. Del. 2020) .............................................................. 8

STATUTES & RULES

Fed. R. Civ. P. 12(b) ...................................................................................... 12
Fed. R. Civ. P. 56(a) ........................................................................................ 8
11 U.S.C. § 546 ............................................................................................... 6
11 U.S.C. § 547 ............................................................................................... 6
11 U.S.C. § 548(a)(1)(A) ............................................................................ 1, 5
11 U.S.C. § 548(a)(1)(B) ............................................................................ 1, 5
11 U.S.C. § 548(c) ..................................................................................... 3, 11

Defendants JPMorgan Chase Bank, N.A. ("JPMorgan"), Citibank, N.A. ("Citi"), BMO Harris Bank, N.A. ("BMO"), and SunTrust Bank ("SunTrust" and, collectively with JPMorgan, Citi, and BMO, "Defendants") respectfully file this memorandum in opposition to plaintiff's motion for partial summary judgment on certain of Defendants' affirmative defenses (D.I. 247) (the "Affirmative Defense Motion").

## NATURE AND STAGE OF PROCEEDINGS

Marc S. Kirschner, in his capacity as Trustee of the Millennium Corporate Claim Trust ("Plaintiff"), commenced this adversary proceeding on November 7, 2017, bringing claims for fraudulent transfer under sections 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code. The Court denied Defendants' motion to dismiss on February 28, 2019 (D.I. 53), and the parties proceeded to discovery. Fact and expert discovery closed on May 16, 2022. Following a conference before the Court on June 21, 2022, the parties jointly stipulated to a briefing schedule for summary judgment and *Daubert* motions, which the Court entered on June 28, 2022. On August 22, 2022, the parties filed their respective *Daubert* motions and motions for summary judgment, including the Affirmative Defense Motion. Defendants submit this memorandum in opposition to the Affirmative Defense Motion.

## SUMMARY OF ARGUMENT

Plaintiff moved for partial summary judgment on a number of Defendants' affirmative defenses, arguing that the defenses are irrelevant to the case or otherwise unsupported. But the majority of his Motion is moot because Defendants agreed to withdraw certain affirmative defenses prior to the filing of the Motion for various reasons, including, for example, that certain defenses are not affirmative defenses on which Defendants bear the burden of proof. As to the rest of the affirmative defenses on which Plaintiff moved, Plaintiff has failed to provide support in law or fact to carry his burden as the movant, and therefore his Motion should be denied.

In November 2015, Millennium Laboratories LLC ("Millennium") sought chapter 11 protection and filed a prepackaged plan of reorganization.  As part of that plan—which was confirmed in December 2015—two litigation trusts were established, and certain sophisticated financial creditors of Millennium became the beneficiaries of those trusts.  In August 2017, Plaintiff, as the trustee of the corporate claim trust, commenced an adversary proceeding in this Court, seeking to recover $35.3 million in market rate fees that Millennium paid to four financial institutions more than 18 months before the bankruptcy filing in exchange for services to arrange, syndicate, and underwrite a term loan.  Plaintiff has challenged the payment of those fees as an intentional and constructive fraudulent transfer, and the Defendants have asserted legal and factual defenses to those claims.

In July 2022, Plaintiff asked that the Defendants abandon their affirmative defenses, asserting that the defenses did not relate to fraudulent transfer claims and lacked support. Although this assertion was incorrect, each of the Defendants agreed to narrow its affirmative defenses.  Plaintiff nevertheless made his Affirmative Defense Motion.  Although the Motion advances certain arguments, many arguments are moot (and were moot prior to the Motion's filing).  As a result, only four categories of affirmative defenses remain in dispute.  Plaintiff's motion for summary judgment should be denied with respect to each of the four categories of defenses.

*First*, Plaintiff alleges in the Complaint that Defendants and Millennium omitted or misstated certain information.  He then argued in the briefing on Defendants' motion to dismiss that these alleged omissions or misstatements were "evidence of [Millennium's] state of mind in entering the Loan" and relevant to Trustee's claim for intentional fraudulent transfer.  In response, Citi and BMO asserted an affirmative defense that the substance of the allegedly omitted or

misstated information had been disclosed and was publicly available.  This defense remains valid, and discovery has now shown the allegations to be unsubstantiated.

*Second*, Citi, BMO, and SunTrust assert the defense that they acted reasonably and in good faith at all times based on relevant facts and circumstances known by them at the time they so acted.  Plaintiff argues, with no support, that it is improper to assert reasonable good faith as a defense in addition to Section 548(c).  Absent any legal support for his argument, he cannot be granted judgment as a matter of law.  In any event, Defendants' reasonable good faith defense responds to Plaintiff's allegation that Defendants concealed certain facts and that constitutes evidence relevant to the intentional fraudulent transfer claim.  As the evidence shows, and contrary to Plaintiff's allegations, Defendants' actions were reasonable and in good faith.

*Third*, Plaintiff argues that he is entitled to summary judgment on Citi and BMO's affirmative defenses that Plaintiff has failed to state a claim and failed to plead with particularity, because this Court has already ruled on Defendants' motion to dismiss.  However, Citi and BMO asserted these defenses in order to preserve them for appeal, as they are entitled to do.

*Finally*, in their Answers, Defendants asserted and maintained damages-related defenses in response to Plaintiff's claims seeking to recover damages beyond the $35.3 million in fees that Defendants received in the 2014 Transaction.  Given Plaintiff's assertion, for the first time, in his Affirmative Defense Motion that he does not seek damages beyond the $35.3 million in fees, and his agreement to amend his interrogatory response accordingly, Defendants hereby withdraw their damages-related defenses.

Plaintiff's motion should be denied in full.

**COUNTER-STATEMENT OF FACTS**

For a fuller statement of the relevant facts in this litigation, Defendants respectfully direct the Court to the Memorandum of Law in Support of Defendants' Motion for Summary Judgment (D.I. 251).  The facts relevant to this opposition are set forth below.

In April 2014, Millennium entered into a $1.775 billion term loan (the "2014 Transaction"). In exchange for Defendants' work in arranging, syndicating, and fully underwriting this term loan, Millennium paid the Defendants $35.3 million (*i.e.*, 2.00% of the loan amount).  (D.I. 252, Ex. 13 (Commitment Letter) at -5397; D.I. 252, Ex. 11 (Fee Letter) at -4146; D.I. 252, Ex. 14 (Syndication Update to Lenders); D.I. 252, Ex. 15 (Final Funds Flow).)

Long before the 2014 Transaction, as early as July 2011, it was publicly reported that certain of Millennium's business practices were the subject of an investigation by the Department of Justice ("DOJ").  (D.I. 252, Ex. 25 (July 2011 press report).)  Some of these business practices were also the subject of claims in an April 2011 civil suit brought by Ameritox, a rival drug-testing firm.  (*See* Compl., *Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 8:11-cv-775 (M.D. Fla. Apr. 8, 2011), D.I. 1.)  The investigation and litigation were subjects of the Defendants' and potential lenders' due diligence in advance of the 2014 Transaction.  (*See, e.g.*, D.I. 252, Ex. 50 (Diligence Questions) at -5566-67.)

In December 2014, eight months after the 2014 Transaction closed, the DOJ intervened in a *qui tam* suit against Millennium alleging that certain of its business practices violated the False Claims Act.  (*See* Compl. in Intervention ¶¶ 88–113, *U.S. ex. rel. McGuire v. Millennium Labs, Inc.*, No. 1:12-cv-10132 (D. Mass. Mar. 19, 2015), D.I. 85.)  Then, in February 2015, the Centers for Medicare & Medicaid Services ("CMS") for the first time threatened to revoke Millennium's Medicare billing privileges due to "alleged administrative billing abuses."  (D.I. 252, Ex. 2 (First

Day Decl.) ¶ 18.)  In May 2015, Millennium informed the banks and the lenders that it had reached an agreement in principle to pay $256 million to resolve the DOJ investigation and the pending CMS revocation.  (*Id.* ¶¶ 27–28.)

Millennium subsequently filed for chapter 11 bankruptcy in November 2015.  *See In re Millennium Lab Holdings II, LLC*, No. 15-12284 (Bankr. D. Del. Nov. 10, 2015).  Millennium's restructuring plan created two litigation trusts—the Corporate Claim Trust and the Lender Claim Trust—and appointed Plaintiff as the trustee of both.  (*See* Bankr. D.I. 194-1 (Am. Plan) at Annex C.)  In his capacity as trustee of the Corporate Claim Trust, Plaintiff filed suit against Defendants on November 7, 2017, asserting claims for fraudulent transfer under section 548(a)(1)(A) and 548(a)(1)(B) of the Bankruptcy Code for the $35.3 million fee transfer.  (D.I. 1, "Compl.")

On July 1, 2022, Plaintiff informed Defendants that he intended to move against Defendants' affirmative defenses because "[t]he vast majority of them do not apply to fraudulent transfer claims, and others are not supported in the record," and asked Defendants to "let us know if Defendants will be withdrawing any of their affirmative defenses and which ones."  (Ex. 1 (July 2022 E-mail Chain Among Counsel).)  Defendants requested a meet and confer in good faith to understand the Trustee's position on which defenses might be at issue and any purported basis for withdrawal.  (*Id.*)  During that meet and confer on August 1, 2022, Plaintiff's counsel listed almost all of Defendants' affirmative defenses.  (*See* Ex. 2 (Aug. 16, 2022 Letter from Buchwald to Lonergan).)

Each Defendant subsequently agreed in writing to withdraw certain defenses in good faith and in the interest of judicial economy.  (*Id.* (Citi); Ex. 3 (Aug. 12, 2022 Letter from Popovsky to Lonergan) (JPMorgan); Ex. 4 (Aug. 16, 2022 Letter from Dollar to Lonergan) (BMO); Ex. 5 (Aug. 19, 2022 Letter from Murphy to Lonergan) (SunTrust).)  In particular, like the other Defendants,

BMO offered to withdraw—nearly a week before Plaintiff filed his Motion—a number of defenses in order to spare the parties and this Court unnecessary motion practice, including its Second Defense ("The claims set forth in the Complaint are barred, in whole or in part, pursuant to the relevant provisions of the Bankruptcy Code, including, without limitation, 11 U.S.C. §§ 546, 547") and Sixteenth Defense (listing a number of equitable defenses, including "doctrine of ratification, waiver, estoppel, laches, acquiescence, in pari delicto, [and] unclean hands"), if the Trustee would agree not to move against BMO's remaining affirmative defenses.  (Ex. 4 (Aug. 16, 2022 Letter from Dollar to Lonergan).)  BMO also noted that the Trustee had failed to provide a list in writing of the defenses he challenged.  (*Id.*)

Plaintiff waited until two days before filing his Motion to identify which of BMO's defenses he was moving to dismiss (on a Saturday and at Defendants' request).  (Ex. 6 (Aug. 2022 E-mail Chain Among Counsel) at 2.)  Finally having full knowledge of which defenses Plaintiff would seek to dismiss, BMO responded the next business day (Monday), agreeing to withdraw its Second and Sixteenth defenses unconditionally.  (*Id*. at 1.)  Moreover, BMO acknowledged that any of its asserted defenses that "reflect the elements of plaintiff's claims . . . do not constitute affirmative defenses," explained that Plaintiff bore the burden of proving those elements, and did not concede Plaintiff could prove them.  (*Id*.)  Therefore, prior to this Motion, BMO had already agreed to withdraw its Second, Fifth through Eighth, Tenth, Eleventh, Fourteenth, and Sixteenth Defenses.

Plaintiff claims that BMO "change[d] [its] position . . . too late for Plaintiff to revise" his Motion, ECF 247-1 at 7 n.14, although he apparently had enough time to add that footnote without having enough time to remove inaccurate ones, such as ECF 247-1 at 11 n.17 (claiming BMO has not agreed to withdraw *in pari delicto* and unclean hands affirmative defenses), 13 n.18 (same with

6

regard to laches defense), 14 n.20 (same with regard to waiver defense), 16 n.21 (same with regard to estoppel defense), 17 n.22 (same with regard to ratification defense), 18 n.23 (same with regard to acquiescence defense), 23 n.31 (same with lack of diligence defense), 25 (same with regard to Section 547 defense), 27-28 (same with regard to asserted defenses relating to Plaintiff's fraudulent transfer claims).

On August 22, 2022, Plaintiff moved for summary judgment on 25 categories of remaining affirmative defenses (without accounting for BMO's withdrawals).

Plaintiff provided a "Table of Defenses Subject to Motion for Summary Judgment" (D.I. 247-18). Utilizing (for ease of reference only) Plaintiff's labels therein, the chart below provides a guide for which affirmative defenses remain in dispute. Of course, Defendants pled other affirmative defenses that Plaintiff did not challenge and which remain in this litigation.

| DEFENSE | Status |
|---|---|
| Acquiescence | *Not a live issue in this Motion* |
| Badges of fraud | *Not a live issue in this Motion* |
| Contribution/Contributory negligence | **Damages-related defense addressed *infra* in Section II** |
| Estoppel | *Not a live issue in this Motion* |
| Failure to mitigate | **Damages-related defense addressed *infra* in Section II** |
| Failure to state a claim | **Addressed *infra* in Section I.C** |
| Good faith [non-statutory] | **Addressed *infra* in Section I.B** |
| *In pari delicto* | *Not a live issue in this Motion* |
| Laches | *Not a live issue in this Motion* |
| "Lack of diligence" | *Not a live issue in this Motion* |
| Plead with particularity | **Addressed *infra* in Section I.C** |
| Publicly available information | **Addressed *infra* in Section I.A** |
| Ratification | *Not a live issue in this Motion* |
| Reasonably Equivalent Value | *Not a live issue in this Motion* |
| Debts Beyond Ability to Pay | *Not a live issue in this Motion* |
| Scienter | *Not a live issue in this Motion* |

| DEFENSE | Status |
|---|---|
| Section 547 | *Not a live issue in this Motion* |
| Section 548(a) | *Not a live issue in this Motion* |
| Solvency/Unreasonably small capital | *Not a live issue in this Motion* |
| Speculative damages | **Damages-related defense addressed *infra* in Section II** |
| Statutes of Limitation/ Section 546 | *Not a live issue in this Motion*[1] |
| Unclean hands | *Not a live issue in this Motion* |
| Unjust enrichment/Windfall | **Damages-related defense addressed *infra* in Section II** |
| Waiver | *Not a live issue in this Motion* |

The remaining affirmative defenses that are in dispute are addressed below.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, the movant bears the burden of showing "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine issue is not simply based on opposing opinions or unsupported assertions . . . ," *In re Weiand Auto. Indus.*, 612 B.R. 824, 837 (Bankr. D. Del. 2020), and the moving party bears the burden of "identifying those portions of the record which demonstrate the absence of a genuine issue of material fact," *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 312 F. Supp. 2d 639, 641 (D. Del. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In determining whether factual disputes are present, a court must "view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Saldana v. Kmart*

---

[1] Although Plaintiff's "Table of Defenses Subject to Motion for Summary Judgment" (D.I. 247-18) recognized that Citi and SunTrust had withdrawn these defenses, Plaintiff appears to argue in his memorandum of law against the application of this defense as to "SunTrust, Citibank and BMO." (D.I. 247-1 at 25; *see also id.* at 25 n.39.) For the avoidance of doubt, the defense is no longer a live issue in this Motion.

*Corp.*, 260 F. 3d 228, 232 (3d Cir. 2001) (quoting *Armbruster v. Unisys Corp.*, 32 F. 3d 768, 777 (3d Cir. 1994)).

## ARGUMENT

**I.    PLAINTIFF FAILS TO CARRY HIS BURDEN TO DEMONSTRATE A BASIS TO GRANT SUMMARY JUDGMENT ON THE AFFIRMATIVE DEFENSES AT ISSUE**

**A.    Plaintiff Fails to Carry His Burden on Defendants' Public Disclosure Defenses, Which Properly Negate Allegations Supporting the Actual Fraudulent Transfer Claim**

Plaintiff challenges Citi and BMO's affirmative defenses that the substance of the allegedly omitted or misstated information was disclosed and publicly available.[2]  (D.I. 247-1 at 24.)  This defense is valid given the allegations and arguments that Plaintiff advances in support of his intentional fraudulent transfer claim.

One of Plaintiff's core theories in this litigation is that certain facts were concealed from Millennium's creditors.  For example, Plaintiff alleges that Millennium and Defendants "knew or should have known that in order to consummate the 2014 Transaction it would be necessary to mislead, deceive and conceal material facts from the [syndicate lenders]."  Compl. ¶ 77.  Plaintiff further alleges that "Defendants and/or their affiliates misrepresented or omitted to state material facts in the offering materials they provided and communications they made to [syndicate lenders] concerning the legality of Millennium's sales, marketing and billing practices and the known risks posed by a pending government investigation into the illegality of such practices."  *Id.* ¶ 2.  He then utilized those allegations at the motion to dismiss stage to argue that these "misrepresentations

---

[2] *See* D.I. 62 (Citi) ¶ 127 ("Plaintiff is not entitled to any recovery because the substance of the allegedly omitted or misstated information was disclosed and publicly available."); D.I. 64 (BMO) Affirmative Defense 12 ("The Trustee is not entitled to any recovery because the substance of the allegedly omitted or misstated information was disclosed and publicly available.").

9

and omissions made to [the syndicate lenders] in the course of executing the 2014 Transaction . . . constitute *evidence* of [the] Debtor's state of mind in entering the Loan to pay the Dividend and Fees." (D.I. 34 at 14 (emphasis in original).)

However, the evidence shows that the subjects of the alleged misrepresentations and omissions were publicly known years before Millennium entered into the 2014 Transaction. The DOJ's investigation into Millennium's business practices had been publicly reported (*e.g.*, D.I. 252, Ex. 25 (July 2011 press report)), and the allegations in the *Ameritox* litigation were a matter of public record (Compl., *Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 8:11-cv-775 (M.D. Fla. Apr. 8, 2011), D.I. 1.) Indeed, the syndicate lenders had the opportunity to—and some did—ask questions regarding the investigation and litigation in advance of the 2014 Transaction. (*See, e.g.*, D.I. 252, Ex. 50 (Diligence Questions) at -5566-67.)

Given that Plaintiff has put these allegations at issue, the public availability of this information is relevant to the case. For example, even if the Court were to find that material facts had been misstated or omitted (they were not), the public availability of the very information that Plaintiff alleges was "concealed," as well as the opportunity to inquire further, would negate a finding of intent to hinder, delay, or defraud. *See, e.g.*, *Kupetz v. Wolf*, 845 F.2d 842, 849-50 (9th Cir. 1988) (dismissal of Section 548 fraudulent transfer claims proper because "[c]reditors easily could have asked for financial information before extending credit" and "the transaction was well-publicized within the industry"). In this context, the defense that the allegedly omitted or misstated information was disclosed and publicly available is valid.

## B. Plaintiff Cites No Authority Regarding Defendants' Reasonable Good Faith Defense

Citi, BMO, and SunTrust assert affirmative defenses that each "acted reasonably and in good faith at all times based on relevant facts and circumstances known by it at the time it so

acted."[3]  Plaintiff does not argue that Defendants have failed to adduce evidence demonstrating their reasonable good faith, and the discovery record is replete with such evidence.  Rather, Plaintiff argues that this defense is an "incomplete element" of Defendants' separate Section 548(c) defenses.  (D.I. 247-1 at 24.)

Plaintiff fails to identify any authority that supports his argument that it is improper for Defendants to assert reasonable good faith as a defense, in addition to section 548(c).  Given that plaintiff "bears the burden of showing that it is entitled to judgment as a matter of law," in the absence of "any precedent or statutory authority," he is not entitled to summary judgment.  *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 700 (Bankr. D. Del. 2016) (denying summary judgment where movant "assume[d]" without support that its argument "is applicable law," and holding that "[t]he Court has no reason to make such an assumption").

In any event, Plaintiff's argument fails for the same reasons described in Section I.A, *supra*: Defendants'   reasonable   good   faith   defeats   Plaintiff's   allegations   that   Defendants' "misrepresentations and omissions made to [the syndicate lenders] in the course of executing the 2014 Transaction . . . constitute *evidence* of [the] Debtor's state of mind in entering the Loan to pay the Dividend and Fees." (D.I. 34 at 14 (emphasis in original).)  Accordingly, Plaintiff's motion as to this affirmative defense should be denied.

---

[3] *See* D.I. 62 (Citi) ¶ 125 ("CBNA acted reasonably and in good faith at all times based on all relevant facts and circumstances known by it at the time it so acted."); D.I. 64 (BMO) Affirmative Defense 9 ("The Trustee's claims are barred, in whole or in part, because BMO Harris acted reasonably and in good faith at all times based on all relevant facts and circumstances known by it at the time it so acted."); D.I. 66 (SunTrust) Tenth Defense ("SunTrust acted reasonably and in good faith at all times based on all relevant facts and circumstances known by it at the time it so acted").

11

C.    **Plaintiff Fails to Carry His Burden on Defendants' Affirmative Defenses on Pleading Deficiencies, Which Properly Preserve the Defenses for Appeal**

Plaintiff argues that summary judgment should be granted on Citi and BMO's defenses that the Complaint fails to state a claim and that Plaintiff fails to plead with sufficient particularity, in light of the Court's decision denying Defendants' motion to dismiss.[4] (D.I. 247-1 at 28.) But Defendants rightfully asserted these defenses in their Answers, *see* Fed. R. Civ. P. 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."); *Greiff v. T.I.C. Enterprises, L.L.C.*, 2004 WL 115553, at *2 (D. Del. Jan. 9, 2004) ("[I]t is well settled that the concept of failure to state a claim may be included in an answer as an affirmative defense."), and are preserving these defenses for appeal, *see, e.g.*, *Flame S.A. v. Indus. Carriers, Inc.*, 2014 WL 2871432, at *2 (E.D. Va. June 24, 2014) ("That the Court has already rejected these arguments in earlier orders and opinions does not prevent [defendant] from pleading these as defenses.  As [defendant] has argued, it does so merely to preserve the defenses on appeal.").

II.    **DEFENDANTS WITHDRAW THEIR DAMAGES-RELATED AFFIRMATIVE DEFENSES IN LIGHT OF PLAINTIFF'S AMENDED INTERROGATORY RESPONSE**

Plaintiff's argument with regard to Defendants' damages-related defenses—*i.e.*, that Plaintiff failed to mitigate any damages, Plaintiff's damages are speculative, Defendants are entitled to contribution, and Plaintiff cannot receive any unjust enrichment or windfall—is that these defenses do not relate to "the $35.3 million fee that Plaintiff seeks to avoid in this litigation,"

---

[4] *See* D.I. 62 (Citi) ¶¶ 116 ("The Complaint fails to state a claim upon which relief may be granted against CBNA."), 128 ("Plaintiff has failed to plead fraud with particularity."); D.I. 64 (BMO) Affirmative Defense 1 ("The Complaint fails to state a claim against BMO Harris upon which relief can be granted."), Affirmative Defense 13 (The Trustee's claims fail, in whole or in part, because the Trustee failed to plead with particularity.")

which Plaintiff states is "the exact amount to be avoided and recovered from each Defendant." (D.I. 247-1 at 26.)[5]

This assertion is the first time that Plaintiff has clearly stated that he seeks no damages other than the $35.3 million in fees paid to Defendants in connection with the 2014 Term Loan. Indeed, Plaintiff previously informed Defendants, through an interrogatory response in August 2021, that he sought "the total amount of fees received by Defendants for the Term Loan in the amount of $35,300,000.000, *in addition to* interest, *damages*, costs of suit and attorneys' fees." (Ex. 7 (Sept. 23, 2022 Letter from Buchwald to Lonergan) at 1 (emphases added).)   Although Defendants followed up in good faith with Plaintiff several times in an effort to understand what additional damages could be at issue, Plaintiff declined to respond.  (*Id.*)

---

[5] *See* D.I. 62 (Citi) at ¶¶ 129 ("Plaintiff has failed to take appropriate and necessary steps to mitigate any damages."), 130 ("Plaintiff's claim for damages are barred, in whole or in part, because its alleged damages, if any, are speculative."), 131 ("To the extent applicable, CBNA is entitled to contribution from any person and/or entity whose negligence or fault contributed to Plaintiff's alleged injuries and damages."); D.I. 64 (BMO) Affirmative Defense 15 ("Any recovery must be reduced in whole or in part to the extent the Trustee failed to mitigate, minimize, or avoid any damages."), Affirmative Defense 17 ("The Trustee's claims fail, in whole or in part, because its alleged damages, if any, are speculative."), Affirmative Defense 18 ("The Trustee's claims are barred because, and to the extent that, any relief or recovery would unjustly enrich or constitute a windfall to the Trustee or any of Millennium's creditors."), Affirmative Defense 19 ("Any damages recoverable must be reduced by the amount of payments received and to be received in the future under the terms of the Millennium Bankruptcy Plan."), Affirmative Defense 20 ("To the extent applicable, BMO Harris is entitled to contribution from any person and/or entity whose negligence or fault contributed to the Trustee's alleged injuries and damages."); D.I. 60 (JPMorgan) Eighth Defense ("Any damages recoverable must be reduced by the amount of payments received and to be received in the future under the terms of the Millennium Bankruptcy Plan"), Tenth Defense ("Plaintiff's claims are barred because, and to the extent that, any relief or recovery would unjustly enrich or constitute a windfall to plaintiff or any of Millennium's creditors."); D.I. 66 (SunTrust) Thirteenth Defense ("Any damages recoverable must be reduced by the amount of payments received and to be received in the future under the terms of the Millennium Bankruptcy Plan."), Fourteenth Defense ("Plaintiff's claims are barred because, and to the extent that, any relief or recovery would unjustly enrich or constitute a windfall to plaintiff or any of Millennium's creditors.").

Upon Plaintiff's representation to the Court in his Affirmative Defense Motion that he only seeks damages limited to the $35.3 million in fees, Defendants requested that Plaintiff amend his interrogatory response accordingly.  On October 10, 2022, Plaintiff served an amended verified interrogatory response that said that he seeks "the total amount of fees received by Defendants for the Term Loan in the amount of $35,300,000.000, in addition to interest, costs of suit and attorneys' fees."  (Ex. 8 (Plaintiff's Amended Objections and Responses to Interrogatory No. 13 of Defendants' First Set of Interrogatories to Plaintiff).)  Given this response, Defendants hereby withdraw their damages-related defenses, *i.e.*, those listed in n.5 *supra*.[6]

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Affirmative Defense Motion.

[*Remainder of page intentionally left blank.*]

---

[6] Plaintiff accompanied his amended verified interrogatory with a letter asserting that Defendants have wasted party resources in connection with this dispute.  The facts show that to be incorrect—Defendants met and conferred in good faith at Plaintiff's request and continued to engage on these issues up to and after the date that Plaintiff filed his motion, resulting in the narrowed dispute that is now before the Court.

14

Dated:    October 24, 2022
          Wilmington, Delaware

RICHARDS, LAYTON & FINGER, P.A.

By:    */s/ Jason M. Madron*
Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
Jason M. Madron (No. 4431)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel:    (302) 651-7700
Fax:    (302) 651-7701
Email: collins@rlf.com
       stearn@rlf.com
       madron@rlf.com

-and-

Christopher Michael Viapiano
Oliver W. Engebretson-Schooley
Julie G. Petiford
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006-5215
Tel:    (202) 956-7500
Fax:    (202) 293-6330
Email: viapianoc@sullcrom.com
       engebretsono@sullcrom.com
       petifordj@sullcrom.com

-and-

Ann-Elizabeth Ostrager
Mark A. Popovsky
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Tel:    (212) 558-4000
Fax:    (212) 558-3588
Email: ostragerae@sullcrom.com
       popovskym@sullcrom.com

*Attorneys for JPMorgan Chase Bank, N.A.*

RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
Jason M. Madron (No. 4431)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel:    (302) 651-7700
Fax:    (302) 651-7701
Email: collins@rlf.com
       stearn@rlf.com
       madron@rlf.com

-and-

Benjamin S. Kaminetzky
Lara Samet Buchwald
Tina Hwa Joe
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel:    (212) 450-4000
Fax:    (212) 701-5351
Email: ben.kaminetzky@davispolk.com
       lara.buchwald@davispolk.com
       tina.joe@davispolk.com

*Attorneys for Citibank, N.A.*

MORRIS JAMES LLP

By:   _/s/ Stephen M. Miller_
Stephen M. Miller (No. 2610)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Tel:   (302) 888-6853
Fax:   (302) 571-1750
Email: smiller@morrisjames.com


-and-


J. Emmett Murphy (admitted *pro hac vice*)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel:   (212) 556-2191
Fax:   (212) 556-2222
Email: jemurphy@kslaw.com


-and-


John C. Toro (admitted *pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30033
Tel:   (404) 572-2806
Fax:   (404) 572-5100
Email: jtoro@kslaw.com


*Attorneys for SunTrust Bank*

POLSINELLI PC

By:   _/s/ Christopher A. Ward_
Christopher A. Ward (No. 3877)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Tel:   (302) 252-0920
Fax:   (302) 252-0921
Email:  cward@polsinelli.com


-and-


Stephen Mark Dollar
Sean M. Topping
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
Tel:   (212) 318-3000
Fax:   (212) 318-3400
Email: steve.dollar@nortonrosefulbright.com
Email: sean.topping@nortonrosefulbright.com


*Attorneys for BMO Harris Bank, N.A.*

16