# **EXHIBIT E**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MILLENNIUM LAB HOLDINGS II, LLC, *et al.*, | Case No. 15-12284 (LSS) |
| Debtors. | Jointly Administered |
| MARC S. KIRSCHNER solely in his capacity as TRUSTEE OF THE MILLENNIUM CORPORATE CLAIM TRUST, | |
| Plaintiff, | Adv. Pro. No. 17-51840 (LSS) |
| v. | |
| J.P. MORGAN CHASE BANK, N.A., CITIBANK N.A., BMO HARRIS BANK, N.A., and SUNTRUST BANK, | **Re: Adv. D.I. 278** |
| Defendants. | |

**DECLARATION OF LARA SAMET BUCHWALD IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES</u>**

LARA SAMET BUCHWALD declares, under penalty of perjury pursuant to 28 U.S.C.

§ 1746, as follows:

1.      I am a member in good standing of the Bar of the State of New York and have been

admitted *pro hac vice* to practice before this Court.  I am a member of the law firm of Davis Polk

& Wardwell LLP, counsel for Defendant Citibank N.A. ("Citi") in the above-captioned matter.  I

respectfully submit this declaration in support of Defendants' Opposition to Plaintiff's Motion for

Partial   Summary   Judgment   Regarding   Defendants'   Affirmative   Defenses,   filed

contemporaneously herewith.

Adv. D. I. 279
Filed:
10/24/22

2.      Attached hereto as **Exhibit 1** is a true and correct copy of an e-mail chain among counsel for Defendants and counsel for Plaintiff, dated July 2022.

3.      Attached hereto as **Exhibit 2** is a true and correct copy of a letter from me to Kyle A. Lonergan and Joshua J. Newcomer, counsel for Plaintiff, dated August 16, 2022.

4.      Attached hereto as **Exhibit 3** is a true and correct copy of a letter from Mark A. Popovsky, counsel for Defendant JPMorgan Chase Bank, N.A., to Kyle A. Lonergan and Joshua J. Newcomer, counsel for Plaintiff, dated August 12, 2022.

5.      Attached hereto as **Exhibit 4** is a true and correct copy of a letter from Steve Dollar, counsel for Defendant BMO Harris Bank N.A., to Kyle A. Lonergan and Joshua J. Newcomer, counsel for Plaintiff, dated August 16, 2022.

6.      Attached hereto as **Exhibit 5** is a true and correct copy of a letter from J. Emmett Murphy, counsel for Defendant SunTrust Bank, to Kyle A. Lonergan and Joshua J. Newcomer, counsel for Plaintiff, dated August 19, 2022.

7.      Attached hereto as **Exhibit 6** is a true and correct copy of an e-mail chain among counsel for Defendants and counsel for Plaintiff, dated August 2022.

8.      Attached hereto as **Exhibit 7** is a true and correct copy of a letter from me to Kyle A. Lonergan and Joshua J. Newcomer, counsel for Plaintiff, and exhibits thereto, dated September 23, 2022.

9.      Attached hereto as **Exhibit 8** is a true and correct copy of Plaintiff's Amended Objections and Responses to Defendants' First Set of Interrogatories to Plaintiff, dated October 7, 2022.

Dated: October 24, 2022                              */s/ Lara Samet Buchwald*
      New York, New York                         Lara Samet Buchwald

2

# EXHIBIT 1

| From: | Engebretson-Schooley, Oliver W. |
| --- | --- |
| To: | KLonergan@mckoolsmith.com; Joshua J. Newcomer |
| Cc: | Viapiano, Christopher Michael; Ostrager, Ann-Elizabeth; Popovsky, Mark A.; Petiford, Julie G.; Buchwald, Lara Samet; Joe, Tina Hwa; zzExt-sean.topping; zzExt-steve.dollar; zzExt-jemurphy; Paige Clifton |
| Subject: | RE: MSJ |
| Date: | Friday, July 22, 2022 10:57:41 AM |
| Attachments: | image001.png |
| | image002.png |

Kyle,

I have added counsel for the other defendants to this reply.  We have been considering your request.  Can we set up a call to discuss?  We would like to understand which defenses you believe "do not apply to fraudulent transfer claims [or] are not supported in the record."  We are available at the following times: Tuesday, July 26 at 12:00 p.m. or 4:00 p.m.; Wednesday, July 27 at 10:15 a.m.; and Friday, July 29 at 10:00 a.m.

Best,
Ollie

Oliver W. Engebretson-Schooley
T: (202) 956-6967 | C: (929) 302-1984

**From:** Kyle A. Lonergan <klonergan@mckoolsmith.com>
**Sent:** Friday, July 01, 2022 11:36 AM
**To:** Viapiano, Christopher Michael <viapianoc@sullcrom.com>
**Cc:** Joshua J. Newcomer <jnewcomer@McKoolSmith.com>; Ostrager, Ann-Elizabeth <ostragerae@sullcrom.com>
**Subject:** [EXTERNAL] MSJ

Christopher:

The Trustee plans to move for summary judgment against the Defendants' affirmative defenses.  The vast majority of them do not apply to fraudulent transfer claims, and others are not supported in the record.  Can you please let us know if Defendants will be withdrawing any of their affirmative defenses and which ones, so we do not needlessly burden the Court with moving against such affirmative defenses?  We are happy to discuss.

Enjoy the holiday weekend.

Thank you,

Kyle



**Kyle A. Lonergan**
Principal

New York, NY
Tel: (212) 402-9425
www.mckoolsmith.com

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

# EXHIBIT 2

**Davis Polk**

Lara Samet Buchwald
+1 212 450 4351
lara.buchwald@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

August 16, 2022

Re:  *Kirschner* v. *JPMorgan Chase Bank, N.A. et al.*,
Adv. Pro. No. 17-51840 (LSS) (Bankr. D. Del.)

Kyle A. Lonergan
Grant Lawrence Johnson
McKool Smith
295 9th Avenue, 50th Floor
New York, NY 10001

Joshua J. Newcomer
McKool Smith
600 Travis Street, Suite 7000
Houston, TX 77002

Dear Counsel:

I write on behalf of defendant Citibank, N.A. ("CBNA") with regard to CBNA's affirmative defenses.

On July 1, 2022, you advised counsel for co-defendant JPMorgan Chase Bank, N.A., by email that "[t]he Trustee plans to move for summary judgment against the Defendants' affirmative defenses," and asked whether "Defendants will be withdrawing any of their affirmative defenses and which ones." We requested a meet and confer in good faith so that we could understand the Trustee's position on which defenses might be at issue and any purported basis for withdrawal. During that meet and confer on August 1, 2022, you listed almost all of Defendants' affirmative defenses.

CBNA agrees that it is consistent with judicial and party economy to limit motion practice to live disputes, and sends this letter in that spirit. To that end, CBNA agrees to withdraw the following affirmative defenses, in whole or in part:

Paragraph 117: The claims set forth in the Complaint are barred, in whole or in part, pursuant to the relevant provisions of the Bankruptcy Code, including, without limitation, 11 U.S.C. §§ **546, 547,** 548, and 550.
- CBNA withdraws this affirmative defense as applied to Sections 546 and 547 only.

Paragraph 119: The relief sought is barred, in whole or in part, under the doctrines of estoppel, waiver, ratification, laches, acquiescence, in pari delicto, unclean hands, and/or other related equitable doctrines.

As to any defenses that reflect the elements of plaintiff's claims, while CBNA agrees that they do not constitute affirmative defenses and that plaintiff bears the burden to prove those elements, CBNA does not concede that the Trustee can prove the elements.

**Davis Polk**        McKool Smith

CBNA reserves all rights.

Sincerely,

Lara Samet Buchwald

**Electronic Delivery**

# EXHIBIT 3

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*
_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

August 12, 2022

Via E-mail

Kyle A. Lonergan,
Grant Lawrence Johnson,
    McKool Smith,
        295 9th Avenue, 50th Floor,
            New York, New York  10001.

Joshua J. Newcomer,
    McKool Smith,
        600 Travis Street, Suite 7000,
            Houston, Texas  77002.

> Re:    *Kirschner* v. *JPMorgan Chase Bank, N.A.*, Adv. Pro.
>         No. 17-51840 (LSS) (Bankr. D. Del.)

Dear Counsel:

I write on behalf of JPMorgan Chase Bank, N.A. ("JPMorgan") to follow up on our ongoing discussion regarding defendants' affirmative defenses.

On July 1, 2022, you informed JPMorgan's counsel via e-mail that the Trustee "plans to move for summary judgment against defendants' affirmative defenses." You did not identify which affirmative defenses the Trustee intends to challenge or explain the bases for the contemplated motion.  In response, we asked for a meet-and-confer to understand the defenses against which you intended to move and your bases for doing so. During our call on August 1, 2022, defendants' counsel asked you to identify the defenses that the Trustee intended to move against and on what grounds so that defendants could consider those defenses and how to respond.  You responded by reading various defenses from each of defendants' respective answers.  But rather than explain plaintiff's grounds for moving against them, you instead insisted that *defendants* describe their bases for each of the defenses that you listed.

Kyle A. Lonergan, *et al.*                                                          -2-

In the interest of compromise and efficiency, JPMorgan has nevertheless reviewed the defenses stated in its answer and will agree to withdraw several, but not all, of them, subject to the reservations below.

JPMorgan agrees to withdraw the following three defenses:

**Sixth Defense:**      The Trustee's claims are barred, in whole or in part, because the negligence, actions, omissions or other fault of Millennium, its affiliates, its employees or its creditors contributed to the alleged injury and bars recovery to the extent of that contribution.

**Seventh Defense:**   The Trustee's claims are barred, in whole or in part, by the doctrines of waiver or estoppel.

**Ninth Defense:**     Any damages recoverable must be reduced to the extent that the Trustee, Millennium, or any of Millennium's creditors failed to mitigate their alleged damages.

JPMorgan also agrees that the following four defenses do not constitute affirmative defenses.  In doing so, JPMorgan does not concede that the Trustee can prove the elements of his asserted claims, and JPMorgan reserves all rights to assert these arguments at summary judgment and, if necessary, at trial.

**First Defense :**    The Trustee's claim for actual fraudulent conveyance fails, in whole or in part, because the alleged transfer does not bear the "badges of fraud."

**Second Defense:**    The Trustee's claims fail, in whole or in part, because Millennium received reasonably equivalent value for any obligation it incurred or any transfer of an interest of Millennium in property.

**Third Defense :**    The Trustee's claims fail, in whole or in part, because Millennium was solvent, was not left with an unreasonably small capital, and did not incur debts beyond its ability to pay.

**Fifth Defense:**     The Trustee is not entitled to any recovery because the substance of the allegedly omitted or misstated information was disclosed and publicly available.

*            *            *

Kyle A. Lonergan, *et al.*                                                     -3-


   JPMorgan has engaged in a good-faith effort to review the asserted defenses in its answer and agrees to withdraw the defenses as stated above.  JPMorgan does so to avoid burdening the Court with unnecessary motion practice and expects that this compromise will avoid such a motion by the Trustee as to JPMorgan.  Please let me know if you would find it helpful to arrange a time to discuss the issue further.


      Sincerely,

      */s/ Mark A. Popovsky*

      Mark A. Popovsky


cc:  *Counsel of record* (via e-mail)

# EXHIBIT 4

# NORTON ROSE FULBRIGHT

August 16, 2022

**Via Email**

Kyle A. Lonergan,
Grant Lawrence Johnson,
McKool Smith,
295 9th Avenue, 50th Floor,
New York, New York 10001

Joshua J. Newcomer,
McKool Smith,
600 Travis Street, Suite 7000,
Houston, Texas 77002

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States of America

**Steve Dollar**
**Partner**
Direct line +1 212 318 3211
steve.dollar@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400

Re:   BMO Harris Bank N.A.'s Affirmative Defenses in *Kirschner v. JPMorgan Chase Bank, N.A. et al*, Adv. Pro No. 17-51840 (LSS) (Bankr. D. Del.)

Dear Mr. Lonergan & Mr. Newcomer:

As you know, we represent BMO Harris Bank N.A. in the above action (the "Delaware Action"), as well as Bank of Montreal and BMO Capital Markets Corp. in *Kirschner v. JP. Morgan Chase Bank, NA.*, Case No. 17-Civ.-06334 (PGG) (SLC) (the "New York Action").  We write in response to your July 1, 2022 email informing Defendants that the Trustee planned to move for summary judgment against defendants' affirmative defenses.

To date, you have not identified which of BMO's defenses you will challenge, or the basis for doing so.  During our call on August 1, 2022 – which defendants requested to glean information about your request – you declined to state the basis for challenging BMO's affirmative defenses.  Instead, you listed off a number of defendants' affirmative defenses and asked defendants to justify their defenses.  Despite repeated requests by JPMorgan's counsel for a list of challenged defenses and their bases, you have failed to provide a list in writing as it pertains to BMO.

BMO stands by its asserted affirmative defenses set forth in its Answer filed April 1, 2019.  Dkt. 64.  However, BMO offers to withdraw certain defenses set forth below in exchange for the Trustee's concession that he will not move to dismiss BMO's remaining affirmative defenses.  BMO does so purely to expedite this matter and spare the court and parties' time and resources of unnecessary motion practice.

**Second Defense:**  The claims set forth in the Complaint are barred, in whole or in part, pursuant to the relevant provisions of the Bankruptcy Code, including, without limitation, 11 U.S.C. §§ 546, 547 only.  BMO does not agree to dismiss this affirmative defense as to 11 U.S.C. §§ 548, 550.

**Sixteenth Defense:**  The Trustee's claims are barred, in whole or in part, by the doctrine of ratification, waiver, estoppel, laches, acquiescence, in pari delicto, unclean hands, and/or other related equitable doctrines.

In agreeing to withdraw the defenses set forth above, BMO reserves all other rights and privileges and expressly waives none.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

NORTON ROSE FULBRIGHT

August 16, 2022
Page 2

Very truly yours,

Steve Dollar

SMD

NORTON ROSE FULBRIGHT

# EXHIBIT 5

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel:  +1 212 556 2100
Fax:  +1 212 556 2222
www.kslaw.com

J. Emmett Murphy
Partner
Direct Dial:  +1 212 556 2191
Direct Fax:  +1 212 556 2222
jemurphy@kslaw.com

August 19, 2022

**VIA E-MAIL**
Kyle A. Lonergan,
Grant Lawrence Johnson
McKool Smith
295 9th Avenue, 50th Floor
New York, New York 10001

Joshua J. Newcomer
McKool Smith
600 Travis Street, Suite 7000
Houston, Texas 77002

> Re:    *Kirschner v. JPMorgan Chase Bank, N.A.*, Adv. Pro. No. 17-51840 (LSS)
> (Bankr. D. Del.)

Dear Counsel:

I write on behalf of SunTrust Bank ("SunTrust") to follow up on our recent discussions regarding the affirmative defenses asserted in the above-referenced proceeding.  Without repeating the background of our meet-and-confer communications to date (which is fairly stated in the recent letters of SunTrust's co-defendants) SunTrust agrees to withdraw the following defenses:

**Second Defense:**    Plaintiff's claims are barred to the extent the applicable statutes of limitations have expired.

**Third Defense:**    Plaintiff's claims are barred under the doctrine of laches.

**Fourth Defense:**    Plaintiff's claims are barred by the doctrine of unclean hands and/or the doctrines of waiver and estoppel.

**Twelfth Defense:**    Plaintiff has failed to take reasonable and necessary steps to mitigate any alleged damages.

While SunTrust further agrees that any defenses that reflect the elements of the Trustee's claims do not constitute affirmative defenses, SunTrust does not concede that Plaintiff can prove the elements of the asserted claims.

Sincerely,

*/s/ J. Emmett Murphy*

J. Emmett Murphy

cc:     Counsel of record

2

# EXHIBIT 6

| From: | Steve Dollar |
|---|---|
| To: | Joshua J. Newcomer; Kyle A. Lonergan |
| Cc: | *JDG-Millennium_Civil_Lit |
| Subject: | [EXTERNAL] RE: Kirschner v. JPMorgan Chase Bank, N.A., et al. (Bankr. D. Del.) |
| Date: | Monday, August 22, 2022 3:08:32 PM |
| Attachments: | image001.png |
| | image004.png |
| | image003.png |

Josh,

As a supplement to our letter of August 16, BMO stands by its asserted affirmative defenses set forth in its Answer filed April 1, 2019.  Dkt. 64.  However, BMO offers to withdraw certain defenses set forth below.  BMO does so purely to expedite this matter and spare the court and parties' time and resources of unnecessary motion practice.

Second Defense:  The claims set forth in the Complaint are barred, in whole or in part, pursuant to the relevant provisions of the Bankruptcy Code, including, without limitation, 11 U.S.C. §§ 546, 547 only.  BMO does not agree to dismiss this affirmative defense as to 11 U.S.C. §§ 548, 550.

Sixteenth Defense:  The Trustee's claims are barred, in whole or in part, by the doctrine of ratification, waiver, estoppel, laches, acquiescence, in pari delicto, unclean hands, and/or other related equitable doctrines.

As to any defenses that reflect the elements of plaintiff's claims, while BMO agrees that they do not constitute affirmative defenses and that plaintiff bears the burden to prove those elements, BMO does not concede that the Trustee can prove the elements.

BMO otherwise intends to oppose the relief outlined below, and reserves all other rights.

Steve


Steve Dollar
Partner
Norton Rose Fulbright
212.318.3211


**From:** Engebretson-Schooley, Oliver W. <ENGEBRETSONO@sullcrom.com>
**Sent:** Monday, August 22, 2022 2:00 PM
**To:** Joshua J. Newcomer <jnewcomer@McKoolSmith.com>; Petiford, Julie G. <petifordj@sullcrom.com>; Kyle A. Lonergan <klonergan@mckoolsmith.com>
**Cc:** *JDG-Millennium_Civil_Lit <JDG-Millennium_Civil_Lit@sullcrom.com>
**Subject:** RE: Kirschner v. JPMorgan Chase Bank, N.A., et al. (Bankr. D. Del.)


**[External Email – Use Caution]**


Josh,

JPMorgan intends to oppose the requested relief you have outlined below.

Regards,
Ollie

Oliver W. Engebretson-Schooley
T: (202) 956-6967 | C: (929) 302-1984

---

**From:** Joshua J. Newcomer <jnewcomer@McKoolSmith.com>
**Sent:** Saturday, August 20, 2022 12:13 PM
**To:** Petiford, Julie G. <petifordj@sullcrom.com>; Kyle A. Lonergan <klonergan@mckoolsmith.com>
**Cc:** *JDG-Millennium_Civil_Lit <JDG-Millennium_Civil_Lit@sullcrom.com>
**Subject:** [EXTERNAL] RE: Kirschner v. JPMorgan Chase Bank, N.A., et al. (Bankr. D. Del.)

Julie,

Per your request, attached is a table of the affirmative defenses, including those we plan to move on, those that Defendants have dropped pursuant to their letters in response to our prior meet and confer, and those on which we are not planning on moving.  Please let us know if a meet and confer will be productive and Defendants may voluntarily agree to some or all of the requested relief.

| Party Name | Moving | Dropped Per Letters | Not Moving |
|---|---|---|---|
| JPMorgan | 8, 10 | 1, 2, 3, 5, 6, 7, 9 | 4 |
| Citibank | ¶¶ 116, 125, 127, 128, 129, 130, 131 | ¶¶ 117 (Sections 546 and 547), 119, 121, 122, 123, 124, 126 | ¶¶ 117 (Sections 548 and 550), 118, 120 |
| BMO | 1, 2 (Sections 546 and 547) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 | None | 2 (Sections 548 and 550), 3, 4 |
| Suntrust | 1, 10, 13, 14 | 2, 3, 4, 7, 8, 9, 11, 12 | 5, 6 |

Regards,
Josh

**McKool Smith** | Joshua J. Newcomer
Principal | Houston, TX | Tel: (713) 485-7316

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

---

**From:** Petiford, Julie G. <petifordj@sullcrom.com>
**Sent:** Friday, August 19, 2022 4:25 PM
**To:** Joshua J. Newcomer <jnewcomer@McKoolSmith.com>; Kyle A. Lonergan <klonergan@mckoolsmith.com>
**Cc:** *JDG-Millennium_Civil_Lit <JDG-Millennium_Civil_Lit@sullcrom.com>
**Subject:** RE: Kirschner v. JPMorgan Chase Bank, N.A., et al. (Bankr. D. Del.)

Josh,

Please identify the specific defenses, by defendant, so that we can determine whether a meet and confer might be productive.

Thank you,
Julie

Julie G. Petiford
Sullivan & Cromwell LLP
T: (202) 956-7094
C: (203) 470-1802

---

**From:** Joshua J. Newcomer <jnewcomer@McKoolSmith.com>
**Sent:** Friday, August 19, 2022 4:40 PM
**To:** Petiford, Julie G. <petifordj@sullcrom.com>; Kyle A. Lonergan <klonergan@mckoolsmith.com>
**Cc:** *JDG-Millennium_Civil_Lit <JDG-Millennium_Civil_Lit@sullcrom.com>
**Subject:** [EXTERNAL] RE: Kirschner v. JPMorgan Chase Bank, N.A., et al. (Bankr. D. Del.)

Counsel,

Yes, Plaintiff opposes.  In addition, Plaintiff intends to move to exclude the opinions of Dr. Hutton and Ms. Matevich and for summary judgment on the affirmative defenses that Defendants have not unconditionally agreed to drop, pursuant to our earlier meet and confer.

Please confirm our expectation that Defendants oppose the requested relief.  If so, we will certify our compliance with Local Rule 7026-1.  Alternatively, if you believe that a meet and confer will be productive and Defendants may voluntarily agree to some or all of the requested relief, please let us know when you can be available to speak.

Thanks,
Josh



**Joshua J. Newcomer**
Principal

Houston, TX
Tel: (713) 485-7316
www.mckoolsmith.com

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

---

**From:** Petiford, Julie G. <petifordj@sullcrom.com>
**Sent:** Friday, August 19, 2022 3:21 PM
**To:** Joshua J. Newcomer <jnewcomer@McKoolSmith.com>; Kyle A. Lonergan <klonergan@mckoolsmith.com>
**Cc:** *JDG-Millennium_Civil_Lit <JDG-Millennium_Civil_Lit@sullcrom.com>

**Subject:** Kirschner v. JPMorgan Chase Bank, N.A., et al. (Bankr. D. Del.)

Counsel,

Defendants intend to move on Monday to exclude Ms. Austin Smith's insolvency conclusions and for summary judgment in defendants' favor.  Please confirm our expectation that plaintiff will oppose the requested relief.  If so, we will certify our compliance with Local Rule 7026-1.  Alternatively, if you believe that a meet and confer will be productive and plaintiff may voluntarily agree to some or all of the requested relief, please let us know when you can be available to speak.

Regards,
Julie

Julie G. Petiford
Sullivan & Cromwell LLP
T: (202) 956-7094
C: (203) 470-1802

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

**This is an external message from:** jnewcomer@McKoolSmith.com **

**CONFIDENTIALITY NOTICE:** This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

# EXHIBIT 7

**Davis Polk**

Lara Samet Buchwald
+1 212 450 4351
lara.buchwald@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

September 23, 2022

Re:  Kirschner v. JPMorgan Chase Bank, N.A. et al.,
      Adv. Pro. No. 17-51840 (LSS) (Bankr. D. Del.)

Kyle A. Lonergan
Grant Lawrence Johnson
McKool Smith
295 9th Avenue, 50th Floor
New York, NY 10001

Joshua J. Newcomer
McKool Smith
600 Travis Street, Suite 7000
Houston, TX 77002

Dear Counsel:

I write on behalf of Citibank, N.A. ("CBNA") with regard to Plaintiff's response to Defendants' damages-related interrogatory, dated August 26, 2021.  Now that Plaintiff has clarified his position on damages in his motion for partial summary judgment, dated August 22, 2022, CBNA requests that Plaintiff amend his response to Interrogatory No. 13 no later than October 5, 2022.  All Defendants join in this request.

As set forth below, over the course of this litigation, Defendants have sought to confirm whether Plaintiff is seeking damages beyond the $35.3 million in fees that the Defendants received in exchange for the services they provided to Millennium.

On July 30, 2021, Defendants served Plaintiff their First Set of Interrogatory Requests.  Interrogatory No. 13 requested that Plaintiff "[s]tate the total value of the transfer or transfers that [he is] seeking to avoid in this Action."  *See* Pl.'s Resp. and Obj. to Defs.' First Set of Interrogatories (Exhibit A) at 15.  On August 26, 2021, Plaintiff responded that he is seeking "the total amount of fees received by Defendants for the Term Loan in the amount of $35,300,000.000, *in addition to* interest, *damages*, costs of suit and attorneys' fees."  *Id.* (emphases added).  Plaintiff failed to explain the additional damages that he apparently intended to seek beyond the $35.3 million in fees that he was seeking to avoid.

To clarify Plaintiff's position, Defendants requested a meet and confer.  During the September 20, 2021 meet and confer, Defendants explained that they are entitled to know what additional damages are at issue because, among other reasons, that information is relevant to their defenses.  Plaintiff did not provide an explanation on the meet and confer.

On November 12, 2021, Plaintiff sent a letter stating that he is seeking "any damages that Plaintiff is able to recover pursuant to the fraudulent transfer bankruptcy statutes," but again failed to explain what those damages, beyond the $35.3 million transfer, might be.  *See* November 12, 2021 Letter from Bercari to Popovsky (Exhibit B).  Defendants responded by letter on

**Davis Polk**

Kyle A. Lonergan
Grant Lawrence Johnson
Joshua J. Newcomer

December 3, 2021 explaining that Plaintiff's response to Interrogatory No. 13 remained incomplete because he still had not provided "information about what supposed 'damages'— beyond the $35,300,000—" he contemplated.  *See* December 3, 2021 Letter from Popovsky to Bercari (Exhibit C) at 1-2.  Plaintiff did not respond to Defendants' letter or supplement his responses.

Plaintiff now represents that he is only seeking to avoid and recover the $35.3 million fees.  *See* Pl.'s Mot. for Partial Summ. J. at 26 (ECF No. 247).  Plaintiff has asked the Court to grant summary judgment as to CBNA and BMO Harris Bank, N.A.'s ("BMO") damages-related defenses because he "has pled the exact amount [i.e., $35.3 million total] to be avoided and recovered from each Defendant."  *Id.*

Given Plaintiff's clarification of his position, Defendants request that Plaintiff immediately amend his response to Interrogatory No. 13.  If Plaintiff does so by October 5, 2022, CBNA, BMO, SunTrust Bank ("SunTrust") and J.P. Morgan Chase Bank, N.A. ("JPMorgan") will withdraw their damages-related defenses, which include JPMorgan's Eighth and Tenth defenses, SunTrust's 13th and 14th defenses, BMO's 15th, 17th, 18th, 19th, and 20th defenses, and CBNA's defenses found at paragraphs 129-131 of its Answer.

Finally, shortly before sending this letter, Defendants received your letter concerning your pending motion for partial summary judgment.  We disagree with the characterizations therein and reserve all rights with respect to the issues raised therein and in this letter.

Very truly yours,

Lara Samet Buchwald

**Electronic Delivery**

# EXHIBIT A

CONFIDENTIAL

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MILLENNIUM LAB HOLDINGS II, LLC, et al.,<br><br>Debtors. | Chapter 11<br>Case No. 15-12284 (LSS)<br>Jointly Administered |
| MARC S. KIRSCHNER solely in his capacity as TRUSTEE of THE MILLENNIUM CORPORATE CLAIM TRUST,<br>Plaintiff,<br>-against-<br><br>J.P. MORGAN CHASE BANK, N.A.,<br>CITIBANK N.A., BMO HARRIS BANK, N.A.<br>and SUNTRUST BANK,<br>Defendants. | Adv. No. 17-51840 (LSS) |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable in bankruptcy cases by rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),  and rules 7026-1, 7026-2, and 7026-3 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), and all other applicable federal and local rules (collectively, the "Rules"), Plaintiff Marc S. Kirschner, solely in his capacity as Trustee of the Millennium Corporate Claim Trust ("Plaintiff") hereby responds to the First Set of Interrogatories to Plaintiff by J.P. Morgan Chase Bank, N.A., Citibank, N.A., BMO Harris Bank, N.A., and SunTrust Bank (the "Defendants"), dated July 30, 2021 (the "Interrogatories") as follows:

1

CONFIDENTIAL

## GENERAL OBJECTIONS

1.      Plaintiff's specific objections to each Interrogatory are in addition to the general limitations and objections set forth in this section. These limitations and objections form a part of the response to each Interrogatory and are set forth here to avoid the duplication and repetition of restating them for each response. The absence of a reference to a general objection should not be construed as a waiver of the general objection as to the specific Interrogatory.

2.      Plaintiff objects to the Interrogatories to the extent that they are not relevant, proportional to the needs of the case or reasonably calculated to lead to the discovery of admissible evidence under the Rules, or otherwise purport to impose any obligation on Plaintiff beyond that required or permitted by the Rules or other rules or practices applicable to cases in this Court. In all such instances, Plaintiff has interpreted the specific Interrogatory as asking for, and has undertaken to provide, only such information that reasonably relates to the subject matter of this action.

3.      Plaintiff objects to providing any information that is protected from disclosure by the attorney-client privilege, work-product doctrine, the common interest privilege, or any other applicable privilege, protection, immunity or limitation on discovery, except to the extent such document is covered by the Joint Stipulation and Order Regarding Non-Waiver of Privilege (Adv. D.I. 113) (the "Order"). No information covered by any privilege, protection, immunity, or limitation shall be intentionally disclosed, other than those subject to the Order. In any event, any disclosure by Plaintiff of such information here or elsewhere is inadvertent and is not to be construed as a waiver of any such privilege. Plaintiff reserves the right to demand the return of any information that may inadvertently be produced during discovery if it determines that such information is privileged or otherwise protected.

CONFIDENTIAL

4.      Plaintiff objects that the Interrogatories seek confidential commercial, business, financial, governmental, proprietary or competitively sensitive information, or information that is subject to non-disclosure agreements or confidentiality provisions. Plaintiff provides its answers subject to them being treated as confidential under the applicable protective orders.

5.      Plaintiff objects to each Interrogatory to the extent it is vague and ambiguous or lacks particularity, including Defendants' use of terms that are not defined and/or not otherwise susceptible to any single meaning, and to the extent that an Interrogatory does not specify with particularity the information being sought.

6.      Plaintiff objects to the Interrogatories as overbroad, unduly burdensome, and unreasonably costly to the extent they could require an unduly burdensome search for information that is relevant neither to any party's claims nor defenses, and that is not proportional to the needs of the case. In all such instances, Plaintiff has interpreted the specific Interrogatory as asking for, and has undertaken to provide, only such information that reasonably relates to the subject matter of the action.

7.      Plaintiff objects to each Interrogatory to the extent it seeks information that is duplicative, cumulative and/or redundant of Defendants' requests for the production of documents or other discovery sought or provided in this action.

8.      Plaintiff objects to each Interrogatory to the extent it seeks information that is already within Defendants' possession, custody, or control, or that is equally available to Defendants, on the grounds that such Interrogatories are unduly burdensome and oppressive.

9.      Plaintiff objects to each Interrogatory to the extent it seeks information not in Plaintiff's possession, custody, or control, or that is available from a more convenient, more

3

CONFIDENTIAL

efficient, less burdensome, or less expensive source. Plaintiff's search will be limited to documents and information in its possession, custody, or control.

10.     Plaintiff objects to each Interrogatory to the extent it seeks information that is publicly available. Plaintiff will not undertake to produce such readily accessible materials except to the extent that they are currently maintained in Plaintiff's files.

11.     Plaintiff objects to each Interrogatory to the extent that it seeks to define terms and/or characterize the evidence or pleadings in this matter. To the extent that Plaintiff adopts any terms used by Defendants in the Interrogatories, such adoption is specifically limited to these responses.

12.     Plaintiff objects to each Interrogatory to the extent that it seeks information that is outside the relevant time period of this action as overbroad, unduly burdensome, and as seeking information that is not relevant to any party's claims or defenses, and not proportional to the needs of this case.

13.     Plaintiff objects to each Interrogatory to the extent that it seeks legal conclusions and/or ultimate factual determinations.

14.     Plaintiff objects to each Interrogatory to the extent that it does not constitute the most practical means of obtaining the requested discovery.

15.     Plaintiff objects to the Interrogatories as being improperly compound and containing multiple unnumbered subparts that exceed the limit of 20 written interrogatories (inclusive of subparts) set forth in the Court's Scheduling Order in this action. *See* ECF No. 28, as modified or supplemented by ECF Nos. 58, 105, 134, 139, 145, 151, 179, and 200 (the "Scheduling Order"). Plaintiff's responses to all Interrogatories do not constitute a waiver of this

CONFIDENTIAL

objection. Plaintiff is not obligated to provide answers to any of the Interrogatories, to the extent not otherwise objectionable, that exceed the limits for interrogatories.

16.     Plaintiff objects to the Interrogatories as violating the Court's Scheduling Order in this action limiting interrogatories to "the identification and location of documents, ESI and witnesses and other factual information reasonably believed by the propounding party not to be reasonably discoverable through document/ESI Discovery" and prohibiting contention interrogatories.

17.     Plaintiffs object to these Interrogatories as untimely as they were not served at least 30 days prior to the close of fact discovery provided in the Scheduling Order. *Nowell v. Reilly*, 437 F. App'x 122, 125 (3d Cir. 2011); *DelPalazzo v. Horizon Grp. Holding, LLC*, No. 19-5682-KSM, 2021 U.S. Dist. LEXIS 75467, at *4-5 (E.D. Pa. Apr. 20, 2021).

18.     Plaintiff reserves the right to retract the production of information that is produced inadvertently and is later found to fall within a general or specific objection.

19.     Plaintiff expressly reserves and does not waive his rights to: (i) object on any grounds (including but not limited to competence, relevance, materiality, privilege, or admissibility) to the use of the Responses and Objections as evidence for any purpose, or to the use of the documents or information that are produced at any point in the proceeding; (ii) object on any ground to any other discovery requests that involve or relate to the subject matter of these Interrogatories; (iii) revise, correct, amend, supplement, or clarify any of the Responses or Objections at a later time; (iv) use or rely on, at any time, including at trial, subsequently discovered information or information omitted from these Responses and Objections as a result of mistake, error, oversight, or inadvertence; or (v) use or rely on, at any time, including at trial,

5

CONFIDENTIAL

additional information omitted from these Responses and Objections on the grounds that such information was not responsive or covered by these Interrogatories.

20.    The responses set forth below are based upon information and documents presently known to Plaintiff and/or his attorneys after having made, and while still in the process of making, a diligent search and investigation. Plaintiff expressly reserves the right to supplement his responses.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Plaintiff objects to the Definitions and Instructions to the extent they purport to impose obligations on Plaintiff beyond what is required or permitted by the Rules. Plaintiff will answer the Interrogatories in accordance with the applicable Rules only.

2.    Plaintiff objects to Definitions Numbers 2 and 11 as vague, ambiguous, overbroad, and unduly burdensome. Plaintiff will construe these terms as they are defined in the Complaint in this action, the Rules, or otherwise in accordance with their ordinary meaning or as stated in these responses.

3.    Plaintiff objects to Definition Numbers 13 and 16 to the extent it includes Millennium's or New Millennium's partners, subsidiaries, or affiliates. Plaintiff will not undertake anything more in responding than what is required under the Rules.

4.    Plaintiff objects to Definition Number 20 to the extent it includes his employees, agents, attorneys, consultants, and "all other persons acting or purporting to act on his behalf in his capacity as trustee of the Corporate Claim Trust." Plaintiff will not undertake anything more in responding than is what is required under the Rules.

5.    Plaintiff objects to the Instructions to the extent they render any Interrogatory overbroad and unduly burdensome or call for the production of information that is neither

6

CONFIDENTIAL

relevant to the subject matter of this action nor proportional to the needs of the case. Plaintiff further objects to the Instructions to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

6.      Plaintiff objects to Instruction No. 2 as vague and ambiguous because it refers to information that is "available to You or any of Your respective employees, attorneys, consultants or agents." Plaintiff has no possession, custody or control over Millennium's or New Millennium's documents, and has only limited rights of access to Millennium's pre-petition documents and information, and limited rights to waive any privilege applicable thereto. Plaintiff has those limited rights through Millennium's Corporate Trust Agreement, dated December 21, 2015 (the "Corporate Trust Agreement"), which establishes certain rights to obtain cooperation from Millennium or New Millennium under Millennium's confirmed bankruptcy plan and related documents and information. Plaintiff agrees to respond to the Interrogatories addressed to Millennium or New Millennium only insofar as they relate to the company itself and only as to the types of information permitted under the Corporate Trust Agreement.

7.      Plaintiff objects to Instruction No. 6 to the extent it requests information "over which Plaintiff has waived the attorney-client privilege or other once applicable privilege, immunity, or protection." Subject to all objections stated herein, Plaintiff will provide only information that is responsive, non-privileged and in his possession, custody, or control.

* * *

The above General Objections and Objections to Definitions and Instructions are incorporated into each of the specific Responses and Objections set forth below as if each General Objection or Objection to Definitions and Instructions was specifically set forth therein.

7

CONFIDENTIAL

No specific Response or Objection shall constitute a waiver in whole or in part, of any of the foregoing General Objections or Objections to Definitions and Instructions.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1:** Identify all legal actions You have commenced, claims You have asserted, and Demands You have made in Your capacity as Trustee of the Corporate Claim Trust, including but not limited to any Retained Corporate Causes of Action. For each action, claim, or Demand that You Identify, include the party against whom the action, claim, or Demand was made or brought, the court or tribunal in which the action, claim, or Demand was made or brought, if applicable, and the amount that You are or were seeking to recover in the action or on the claim or Demand.

**Response to Interrogatory No. 1:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information not relevant to any party's claims or defenses. Plaintiff objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiff objects to this Interrogatory on the grounds that it seeks information regarding confidential settlements, which Plaintiff does not have the right or ability to divulge. Plaintiff further objects to this Interrogatory as compound and considers each subpart its own separate interrogatory under the Federal Rules.

**Interrogatory No. 2:** Identify all Corporate Claim Trust Recoveries that You have received, including the amount of the Corporate Claim Trust Recovery, the person or entity from whom the Corporate Claim Trust Recovery was received, the basis for the Corporate Claim Trust Recovery, and whether the Corporate Claim Trust Recovery was paid voluntarily in connection with a settlement or involuntarily as a judgment.

**Response to Interrogatory No. 2:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information not relevant to any party's claims or defenses. Plaintiff objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiff objects to this

8

CONFIDENTIAL

Interrogatory on the grounds that it seeks information regarding confidential settlements, which Plaintiff does not have the right or ability to divulge. Plaintiff further objects to this Interrogatory as compound and considers each subpart its own separate interrogatory under the Federal Rules.

Subject to and without waiving these objections or the General Objections, or Objections to Definitions and Instructions, in response to Interrogatory No. 2, Plaintiff refers to the information concerning settlements that was made public by Plaintiff, available on the following website: https://cases.primeclerk.com/millenniumtrusts/.

**Interrogatory No. 3:** Identify all Corporate Claim Trust Distributions that You have made, including the amount and recipient of the Corporate Claim Trust Distribution.

**Response to Interrogatory No. 3:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information not relevant to any party's claims or defenses.

Subject to and without waiving these objections or the General Objections, or Objections to Definitions and Instructions, in response to Interrogatory No. 3, Plaintiff states that he has made no Corporate Claim Trust Distributions other than the distribution as described in the Notice of First Distribution available at this website:

https://cases.primeclerk.com/millenniumtrusts/HomeDocketInfo?DocAttribute=4188&DocAttrName=DISTRIBUTIONS&MenuID=11007.

**Interrogatory No. 4:** Identify all Non-Contributing MLH Shareholders and state whether You have recovered any proceeds from claims or causes of action asserted against the Non-Contributing MLH Shareholders and, if so, the amount of those proceeds that have been distributed to the Contributing MLH Shareholders in accordance with Section 4.6(c) of the Corporate Claim Trust Agreement.

**Response to Interrogatory No. 4:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information not

9

CONFIDENTIAL

relevant to any party's claims or defenses. Plaintiff further objects to this Interrogatory as compound and considers each subpart its own separate interrogatory under the Federal Rules.

Subject to and without waiving these objections or the General Objections, or Objections to Definitions and Instructions, in response to Interrogatory No. 4, Plaintiff states that he has not recovered any proceeds from claims or causes of action asserted against the Non-Contributing MLH Shareholders.

**Interrogatory No. 5:** Identify any agreements that You have entered into or that You are aware of that obligate the party or parties to the agreement to cooperate with You in any way in connection with Your prosecution of this Action, including but not limited to requests for information, for the production of documents, or to make the obligated party available to appear for a proceeding or testify in this Action.

**Response to Interrogatory No. 5:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information not relevant to any party's claims or defenses. Plaintiff objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege, the common interest privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiff further objects to this Interrogatory as compound and considers each subpart its own separate interrogatory under the Federal Rules. Plaintiff objects to each Interrogatory to the extent it seeks information that is duplicative, cumulative and/or redundant of Defendants' requests for the production of documents or other discovery sought or provided in this action.

Subject to and without waiving these objections or the General Objections, or Objections to Definitions and Instructions, in response to Interrogatory No. 5, Plaintiff states that there are no agreements as described in Interrogatory No. 5 other than the Millennium Bankruptcy Plan, including the Restructuring Support Agreement ("RSA"), dated October 14, 2015, and the Corporate Trust Agreement.

CONFIDENTIAL

**Interrogatory No. 6:** For each agreement You identify in response to Interrogatory No. 5, state whether You have sought the cooperation of any parties to the agreement in connection with this Action and describe the cooperation sought and the cooperation that was ultimately provided.

**Response to Interrogatory No. 6:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information not relevant to any party's claims or defenses. Plaintiff objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege, the common interest privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiff further objects to this Interrogatory as compound and considers each subpart its own separate interrogatory under the Federal Rules. Plaintiff objects to each Interrogatory to the extent it seeks information that is duplicative, cumulative and/or redundant of Defendants' requests for the production of documents or other discovery sought or provided in this action.

Subject to and without waiving these objections or the General Objections, or Objections to Definitions and Instructions, in response to Interrogatory No. 6, Plaintiff states that in connection with this action, it has obtained documents from New Millennium pursuant to its obligation to cooperate in relation to the production of documents.

**Interrogatory No. 7:** Identify any agreements You have entered into with New Millennium concerning the payment or reimbursement of legal fees or other expenses incurred (or anticipated to be incurred) in connection with Your prosecution of this Action, apart from the Corporate Claim Trust Agreement.

**Response to Interrogatory No. 7:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information not relevant to any party's claims or defenses. Plaintiff objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege, the common interest privilege, the work-product doctrine, or any other applicable privilege or immunity.

CONFIDENTIAL

Plaintiff objects to each Interrogatory to the extent it seeks information that is duplicative, cumulative and/or redundant of Defendants' requests for the production of documents or other discovery sought or provided in this action.

Subject to and without waiving these objections or the General Objections, or Objections to Definitions and Instructions, in response to Interrogatory No. 7, Plaintiff states that it has not entered into any other agreements with New Millennium.

**Interrogatory No. 8:** Identify any Communications that You have had with New Millennium concerning New Millennium's obligation, including under the terms of the 2014 Credit Agreement as reinstated pursuant to Article VI, Section F of the Millennium Bankruptcy Plan, to indemnify Defendants.

**Response to Interrogatory No. 8:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information not relevant to any party's claims or defenses. Plaintiff objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege, the common interest privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiff objects to each Interrogatory to the extent it seeks information that is duplicative, cumulative and/or redundant of Defendants' requests for the production of documents or other discovery sought or provided in this action.

**Interrogatory No. 9:** Identify any Communications You have had with any Corporate Claim Trust Beneficiaries concerning this Action, including the Corporate Claim Trust Beneficiary with whom You communicated and the topic or topics discussed.

**Response to Interrogatory No. 9:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information not relevant to any party's claims or defenses. Plaintiff objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege, the common interest privilege, the work-product doctrine, or any other applicable privilege or immunity.

Plaintiff objects to each Interrogatory to the extent it seeks information that is duplicative, cumulative and/or redundant of Defendants' requests for the production of documents or other discovery sought or provided in this action.

**Interrogatory No. 10:** Identify all Corporate Claim Trust Beneficiaries that expressed any concern or doubt regarding, any objection (whether formal or informal) to, or any disagreement (in whole or in part) with (i) Your decision to pursue litigation against Defendants in this Action or (ii) the manner in which You have prosecuted this Action or any part thereof.

**Response to Interrogatory No. 10:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information not relevant to any party's claims or defenses. Plaintiff objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege, the common interest privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiff objects to each Interrogatory to the extent it seeks information that is duplicative, cumulative and/or redundant of Defendants' requests for the production of documents or other discovery sought or provided in this action. Plaintiff further objects to this Interrogatory as compound and considers each subpart its own separate interrogatory under the Federal Rules. Plaintiff objects to each Interrogatory to the extent it seeks information not in Plaintiff's possession, custody, or control, or that is available from a more convenient, more efficient, less burdensome, or less expensive source.

**Interrogatory No. 11:** For each Corporate Claim Trust Beneficiary identified in Interrogatory No. 10, describe in detail the substance of (i) the relevant concern(s), doubt(s), objection(s), or disagreement(s) and (ii) all Communications between the identified Corporate Claim Trust Beneficiary and You regarding the relevant concern(s), doubt(s), objection(s), or disagreement(s).

**Response to Interrogatory No. 11:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information not relevant to any party's claims or defenses. Plaintiff objects to this Interrogatory on the ground

13

CONFIDENTIAL

that it seeks information protected from disclosure by the attorney-client privilege, the common interest privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiff objects to each Interrogatory to the extent it seeks information that is duplicative, cumulative and/or redundant of Defendants' requests for the production of documents or other discovery sought or provided in this action. Plaintiff further objects to this Interrogatory as compound and considers each subpart its own separate interrogatory under the Federal Rules. Plaintiff objects to each Interrogatory to the extent it seeks information not in Plaintiff's possession, custody, or control, or that is available from a more convenient, more efficient, less burdensome, or less expensive source.

**Interrogatory No. 12:** Identify each beneficiary of the Corporate Claim Trust, including but not limited to the Corporate Claim Trust Beneficiaries, and for each beneficiary so identified, identify the beneficiary's interest in the Corporate Claim Trust, including but not limited to the pro rata share of any distribution from the Corporate Claim Trust to which that beneficiary is entitled.

**Response to Interrogatory No. 12:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information not relevant to any party's claims or defenses. Plaintiff objects to each Interrogatory to the extent it seeks information that is duplicative, cumulative and/or redundant of Defendants' requests for the production of documents or other discovery sought or provided in this action. Plaintiff further objects to this Interrogatory as compound and considers each subpart its own separate interrogatory under the Federal Rules. Plaintiff further objects on the ground that the identities and holdings of entities that presently own the beneficial interests in the Corporate Claim Trust are not relevant to any claim or defense in the matter.  Beneficial interests in the Corporate Claim Trust are tradeable. To the extent that this Interrogatory relates to what the parties have referred to as a "ratification" defense (and Plaintiff does not admit that such a defense is viable), the

CONFIDENTIAL

question is the identity of "the initial beneficiaries of the Corporate Trust" and their relationship, if any, to "the lenders to whom the term loan was syndicated." *In re Millennium Lab Holdings II, LLC*, 2019 Bankr. LEXIS 636, *17-18 (Bankr. D. Del. Feb. 28, 2019).  This information has already been provided in document discovery.

**Interrogatory No. 13:** State the total value of the transfer or transfers that You are seeking to avoid in this Action.

**Response to Interrogatory No. 13:** Plaintiff objects to this Interrogatory to the extent that it seeks legal conclusions and/or ultimate factual determinations. Plaintiff objects to this Interrogatory as violating the Court's Scheduling Order in this action prohibiting contention interrogatories.

Subject to and without waiving these objections or the General Objections, or Objections to Definitions and Instructions, in response to Interrogatory No. 13, Plaintiff states he is seeking the total amount of fees received by Defendants for the Term Loan in the amount of $35,300,000.000, in addition to interest, damages, costs of suit and attorneys' fees. *See* ECF No. 1 ¶¶ 1, 115.

**Interrogatory No. 14:** Identify any destruction, deletion, disposal and/or loss of documents relevant to this Action by the Millennium Bankruptcy Estate or New Millennium.

**Response to Interrogatory No. 14:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information not relevant to any party's claims or defenses. discovery sought or provided in this action. Plaintiff objects to each Interrogatory to the extent it seeks information not in Plaintiff's possession, custody, or control.

Subject to and without waiving these objections or the General Objections, or Objections to Definitions and Instructions, in response to Interrogatory No. 14, Plaintiff states he is not

CONFIDENTIAL

aware of any destruction, deletion, disposal and/or loss of documents relevant to this Action by

the Millennium Bankruptcy Estate or New Millennium.


Dated:  August 26, 2021
        New York, New York


                                        **WOLLMUTH MAHER & DEUTSCH LLP**

                                        By: */s/Lyndon M. Tretter*

                                        David H. Wollmuth
                                        Lyndon M. Tretter
                                        Jeffrey Coviello
                                        500 Fifth Avenue, 12th Floor
                                        New York, New York 10110
                                        Tel.: (212) 382-3300
                                        Fax: (212) 382-0050
                                        Email: dwollmuth@wmd-law.com
                                                ltretter@wmd-law.com
                                                jcoviello@wmd-law.com

                                                - and -


                                        R. Karl Hill
                                        Jared T. Green
                                        **SEITZ, VAN OGTROP & GREEN, P.A.**
                                        222 Delaware Avenue, Suite 1500
                                        Wilmington, Delaware 19801
                                        Tel.: (302) 888-0600
                                        Fax: (302) 888-0606
                                        Email: jtgreen@svglaw.com

                                        *Attorneys for Plaintiff Marc S. Kirschner,*
                                        *solely in his capacity as Trustee of the*
                                        *Millennium Corporate Claim Trust*


16

## VERIFICATION

I, Marc S. Kirschner, hereby declare that I have reviewed the foregoing responses and objections to Defendants' First Set of Interrogatories to Plaintiff (the "Responses") and verify that they are true and accurate to the best of my knowledge and belief. The Responses are made subject to Plaintiff's objections and based on Plaintiff's reasonable interpretation of the interrogatories and the definitions incorporated therein. With regard to the objections, I have relied on Plaintiff's counsel to prepare them. While certain matters stated herein are not within my personal knowledge, the facts have been collected and the Responses have been compiled by others in consultation with me. I understand that the Responses are based on a review of records and information produced in this litigation that has been conducted to date or upon records and information that are presently recollected or have been discovered in the course of preparing the Responses. Consequently, I reserve the right to make changes to the Responses if it appears at any time that omissions or errors have been made or if more accurate information is available.

I certify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of August 2021 at New York, New York.

_____
Marc S. Kirschner

# EXHIBIT B

# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE
NEW YORK, NEW YORK 10110

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

November 12, 2021

VIA E-MAIL
Mark A. Popovsky
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

> Re:  *Kirschner v. JPMorgan Chase Bank, N.A. et al*,
> Adv. Pro No. 17-51840 (LSS) (Bankr. D. Del.)

Dear Mark:

On behalf of Plaintiff, Marc S. Kirschner, solely in his capacity as Trustee of the Millennium Corporate Claim Trust ("Plaintiff"), we write to follow up on our September 20, 2021 meet and confer concerning Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories, dated August 26, 2021 (the "R&Os"). During our meet and confer, Defendants' counsel requested that Plaintiff supplement his R&Os to provide more information to answer Interrogatory Nos. 1-2, 8-13.

For Interrogatory No. 13, Defendants' counsel asked what Plaintiff meant in his R&Os when stating that "he is seeking the total amount of fees received by Defendants for the Term Loan in the amount of $35,300,000.00, in addition to interest, damages, costs of suit and attorneys' fees." This statement is straightforward, but for the avoidance of doubt, this means any damages that Plaintiff is able to recover pursuant to the fraudulent transfer bankruptcy statutes for which he brought this action. We believe that this response means that Interrogatory Nos. 1 and 2 lack a relevant basis. For Interrogatory Nos. 8-12, you have not explained, and Plaintiff also does not see, how the information sought would be relevant to this action. Therefore, we will not supplement the R&Os to provide more information at this time. Plaintiff reserves his objection to the Interrogatories being untimely as they were not served at least 30 days prior to the close of fact discovery provided in the Scheduling Order. (*See* R&Os at p. 5, ¶ 17.)

Sincerely,

*/s/ Grant J. Bercari*

Grant J. Bercari

# EXHIBIT C

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

December 3, 2021

Via E-mail

Grant J. Bercari,
    Wollmuth Maher & Deutsch LLP,
        500 Fifth Avenue, 12th Floor,
            New York, New York  10110.

Re:    *Kirschner* v. *JPMorgan Chase Bank*, N.A., Adv. Pro.
       No. 17-51840 (LSS) (Bankr. D. Del.)

Dear Grant:

I write on behalf of JPMorgan Chase Bank, N.A. in response to your November 12, 2021 letter regarding Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories ("Interrogatory Responses"), dated August 26, 2021, and to demand that plaintiff comply with its obligations under Federal Rule of Civil Procedure 33 to respond "fully" to Interrogatories Nos. 1, 2 and 13.

Interrogatories Nos. 1 and 2 are plainly relevant to this action.  Section 550 of the Bankruptcy Code makes clear that a trustee seeking to avoid a transfer "is entitled to only a single satisfaction," and defendants are entitled to the information necessary to determine if plaintiff is improperly attempting to obtain an "unjustified double recovery." *In re Majestic Star Casino, LLC*, 716 F.3d 736, 761 n.26 (3d Cir. 2013) (quoting *HBE Leasing Corp.* v. *Frank*, 48 F.3d 623, 640 (2d Cir. 1995)).  As such, defendants are entitled to information concerning all recoveries plaintiff has received, including any recoveries paid in connection with the settlements that are the subject of Interrogatories Nos. 1 and 2 and the identities of any entities with whom the Trustee has settled.  Plaintiff should provide this information promptly and fully.

Further, Plaintiff's answer to Interrogatory No. 13 is incomplete.  Plaintiff states that "he is seeking the total amount of fees received by Defendants for the Term Loan in the amount of $35,300,000.00, *in addition to* interest, *damages*, costs of suit and attorneys' fees" (Interrogatory Responses at 15 (emphasis added)), but there is no information about what supposed "damages"—beyond the $35,300,000—plaintiff is contemplating.  Defendants are entitled to a "meaningful articulation of the bases for [plaintiff's] contention that it is entitled to [certain] damages," *Pers. Audio, LLC* v. *Google*

Grant J. Bercari                                                                                    -2-


*LLC*, 2018 WL 4502002, at \*2 (D. Del. Sept. 20, 2018), and asserting a threadbare "generalized damage claim" in response to a specific interrogatory fails "to put the . . . [d]efendants on notice of the claims at issue," *In re Student Fin. Corp.*, 2007 WL 2936195, at \*3 (D. Del. Oct. 5, 2007).

Given plaintiff's decisions not to respond fully to Interrogatory No. 13 and not to supplement his initial disclosures with "a computation of each category of damages claimed" as required by Federal Rules of Civil Procedure 26(a)(1)(A)(iii) and (e)(1), defendants will proceed on the understanding that plaintiff is not seeking "damages" beyond the recovery of the $35.3 million in arrangement fees stated in Plaintiff's Rule 26(a)(1) Initial Disclosures, dated April 1, 2019.

Sincerely,

*/s/ Mark A. Popovsky*

Mark A. Popovsky

# EXHIBIT 8

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re:<br>MILLENNIUM LAB HOLDINGS II, LLC,<br>*et al.*,<br><br>    Debtors. | §<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br>CASE NO. 15-12284 (LSS)<br><br>Jointly Administered |

| | | |
|---|---|---|
| MARC S. KIRSCHNER solely in his<br>capacity as TRUSTEE of the<br>MILLENNIUM CORPORATE CLAIM<br>TRUST,<br><br>    Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, N.A.,<br>CITIBANK N.A., BMO HARRIS BANK, N.A.,<br>and SUNTRUST BANK,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | ADVERSARY NO. 17-51840 |

**PLAINTIFF'S AMENDED OBJECTIONS AND RESPONSES TO INTERROGATORY
NO. 13 OF DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Plaintiff Marc S. Kirschner, solely in his capacity as Trustee of the Millennium Corporate Claim Trust ("Plaintiff"), by and through his undersigned counsel, hereby provides his amended response to Interrogatory No. 13 of the First Set of Interrogatories to Plaintiff by J.P. Morgan Chase Bank, N.A., Citibank, N.A., BMO Harris Bank, N.A., and SunTrust Bank (the "Defendants"), dated July 30, 2021 (the "Interrogatories"). Plaintiff incorporates by reference the General Objections and Objections to Definitions and Instructions made in its prior response.

**INTERROGATORY NO. 13:**

State the total value of the transfer or transfers that You are seeking to avoid in this Action.

**AMENDED RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this Interrogatory to the extent that it seeks legal conclusions and/or ultimate factual determinations. Plaintiff objects to this Interrogatory as violating the Court's Scheduling Order in this action prohibiting contention interrogatories. Plaintiff incorporates the General Objections and Objections to Definitions and Instructions served on August 26, 2021.

Subject to and without waiving these objections or the General Objections, or Objections to Definitions and Instructions, in response to Interrogatory No. 13, Plaintiff states he is seeking the total amount of fees received by Defendants for the Term Loan in the amount of $35,300,000.000, in addition to interest, costs of suit and attorneys' fees. See ECF No. 1 ¶¶ 1, 115.

Dated:  October 7, 2022

Respectfully submitted,

By:  /s/ *Jared T. Green*

R. Karl Hill (No. 2747)
Jared T. Green (No. 5179)
SEITZ, VAN OGTROP & GREEN, P.A
222 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Tel: (302) 888-0600
khill@svglaw.com
jtgreen@svglaw.com

Kyle A. Lonergan
Joshua J. Newcomer
Grant L. Johnson
MCKOOL SMITH, P.C.
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York, 10001-8603
(212) 402-9400
klonergan@mckoolsmith.com
jnewcomer@mckoolSmith.com
gjohnson@mckoolSmith.com

***Attorneys for Plaintiff***

4892-0811-9862

## VERIFICATION

I, Marc S. Kirschner, hereby declare that I have reviewed the foregoing Amended Objections and Responses to Interrogatory No. 13 of Defendants' First Set of Interrogatories to Plaintiff (the "No. 13 Amended Response") and verify that they are true and accurate to the best of my knowledge and belief. The No. 13 Amended Response is made subject to Plaintiff's objections and based on Plaintiff's reasonable interpretation of the interrogatories and the definitions incorporated therein. With regard to the objections, I have relied on Plaintiff's counsel to prepare them. While certain matters stated herein are not within my personal knowledge, the facts have been collected and the No. 13 Amended Response has been compiled by others in consultation with me. I understand that the No. 13 Amended Response is based on a review of records and information produced in this litigation that has been conducted to date or upon records and information that are presently recollected or have been discovered in the course of preparing the No. 13 Amended Response. Consequently, I reserve the right to make changes to the No. 13 Amended Response if it appears at any time that omissions or errors have been made or if more accurate information is available.

I certify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of October 2022 at New York, New York.

_____
Marc S. Kirschner

4886-7832-8887