## EXHIBIT I

Redacted Public Version of Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment Regarding Defendants' Affirmative Defenses [Adv. Docket No. 298]

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| MILLENNIUM LAB HOLDINGS II, LLC, | § | Chapter 11 |
| *et al.*, | § | CASE NO. 15-12284 (LSS) |
| | § | |
| Debtors. | § | Jointly Administered |

| | | |
|---|---|---|
| MARC S. KIRSCHNER solely in his | § | |
| capacity as TRUSTEE of the | § | |
| MILLENNIUM CORPORATE CLAIM | § | |
| TRUST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 17-51840 (LSS) |
| | § | |
| J.P. MORGAN CHASE BANK, N.A., | § | |
| CITIBANK N.A., BMO HARRIS BANK, N.A., | § | |
| and SUNTRUST BANK, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES

McKOOL SMITH, P.C.
Kyle A. Lonergan (*pro hac vice*)
Joshua J. Newcomer (*pro hac vice*)
Grant L. Johnson (*pro hac vice*)
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York, 10001-8603
Tel: (212) 402-9400
klonergan@mckoolsmith.com
jnewcomer@mckoolSmith.com
gjohnson@mckoolSmith.com

COLE SCHOTZ P.C.
G. David Dean (No. 6403)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Tel: (302) 651-2012
ddean@coleschotz.com

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

I.    ARGUMENT ..................................................................................................................1

II.    CONCLUSION .............................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Devonshire PGA Holdings LLC*,
  548 B.R. 689 (Bankr. D. Del. 2016) ...............................................................................2

*In re Morse Tool, Inc.*,
  108 B.R. 389 (Bankr. D. Mass. 1989) ............................................................................3

*Kupetz v. Wolf*,
  845 F.2d 842 (9th Cir. 1988) ..........................................................................................3

*Leonard v. Norman Vinitsky Residual Trust (In re Jolly's, Inc.)*,
  188 B.R. 832 (Bankr. D. Minn. 1995) ............................................................................3

*Md. Cas. Co. v. Preferred Fire Prot., Inc.*,
  No. 14-245, 2016 U.S. Dist. LEXIS 27793 (W.D. Pa. Jan. 28, 2016) ...........................2

*Official Comm. of Unsecured Creditors v. Fleet Retail Fin. Grp.*
   *(In re Hechinger Inv. Co. of Del., Inc.)*,
  274 B.R. 71 (D. Del. 2002) .............................................................................................3

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
  312 F. Supp. 2d 639 (D. Del. 2004) ...............................................................................2

*Sterten v. Option One Mortg. Corp.*,
  479 F. Supp. 2d 479 (E.D. Pa. 2007) .............................................................................4

*United States v. Gilead Scis., Inc.*,
  515 F. Supp. 3d 241 (D. Del. 2021) ...............................................................................2

*Williams v. Runyon*,
  130 F.3d 568 (3d Cir. 1997) ...........................................................................................2

*Zahn v. Yucaipa Capital Fund*,
  218 B.R. 656 (D.R.I. 1998) ............................................................................................3

Plaintiff Marc S. Kirschner, solely in his capacity as Trustee of the Millennium Corporate Claim Trust, respectfully files this Reply to Defendants' Memorandum of Law in Opposition ("Opposition") to Plaintiff's Motion for Partial Summary Judgment Regarding Defendants' Affirmative Defenses ("Motion"), and in support thereof shows as follows:

## I.    ARGUMENT

Defendants[1] have now withdrawn all but two of the twenty-five affirmative defenses that are the subject of the Trustee's Motion.[2]  The two remaining affirmative defenses – a "reasonable good faith" defense and "publicly available information" defense – have no basis in law, as the Trustee explained to Defendants nearly two months before he filed the Motion.  Simply put, the law does not recognize the defenses as affirmative defenses to fraudulent transfer claims, and Defendants never should have pled the defenses in the first place.[3]

---

[1] "Defendants" refers to Defendants J.P. Morgan Chase Bank, N.A., Citibank N.A., BMO Harris Bank, N.A. ("BMO"), and SunTrust Bank ("SunTrust").

[2] Defendants do not formally withdraw their defenses that the Complaint fails to state a claim and that Plaintiff fails to plead with sufficient particularity; however, Defendants acknowledge that they assert them now only to preserve them for appeal. (D.I. 278 at 12.)

[3] Unfortunately, these two remaining defenses are not the only ones that the Trustee had to brief, and the Trustee never should have had to file this Motion. Although the Trustee will not rehash the entire history of the parties' discussions, the record is clear that the Trustee proactively sought to avoid unnecessary motion practice and Defendants did not reciprocate. *See, e.g.,* Ex. 3, July 1, 2022 email from K. Lonergan to C. Viapiano re: MSJ (requesting that Defendants withdraw their affirmative defenses nearly two months before summary judgment deadline); Ex. 5, July 26, 2022 email from J. Newcomer to O. Engebretson-Schooley re: MSJ (requesting that Defendants explain the bases for their affirmative defenses); Ex. 9, Aug. 16, 2022 Letter from S. Dollar to K. Lonergan and J. Newcomer (BMO conditioning its withdrawal of defenses on Trustee agreeing not to move against BMO's unwithdrawn defenses); Ex. 10, Aug. 19, 2022 Letter from E. Murphy to K. Lonergan and J. Newcomer (SunTrust withdrawing defenses only three days before motions for summary judgment due); Ex. 4, Aug. 22, 2022 email from S. Dollar to J. Newcomer (BMO dropping condition and withdrawing defenses at 3 pm on day summary judgment motions due); Ex. 6, Sept. 23, 2022 letter from J. Newcomer to counsel for Defendants (reciting history of parties' discussions and Defendants' failure to engage with Plaintiff); Ex. 7, October 10, 2022 letter from J. Newcomer to counsel for Defendants without attachments (explaining how Defendants' failure to engage with Plaintiff had frustrated Plaintiff's effort to avoid unnecessary burden and expenses).

Defendants should have withdrawn their "reasonable good faith" and "publicly available information" defenses.  Evidencing the lack of any legal support for these defenses, Defendants try to require the Trustee to prove a negative and identify cases showing that the defenses do not exist.[4]  According to Defendants, the absence of any cases negating (or supporting) the "affirmative defenses" that Defendants have apparently made up out of thin air defeats the Trustee's Motion.  Plainly, that is not the case.  If Defendants were correct, a defendant simply could invent affirmative defenses at their whim and flip the burden to the plaintiff to disprove their legal viability with case law specifically addressing such fictitious defenses.

The law is clear that these are not affirmative defenses.  It is axiomatic that "[a]n affirmative defense is insufficient if it is not recognized as a defense to the cause of action."[5]  The Trustee has met his burden on summary judgment by showing that neither defense is a legally recognized affirmative defense and thus that the Trustee is entitled to judgment as a matter of law.[6]  In their Opposition, Defendants utterly fail to rebut this showing.

---

[4] (D.I. 278 at 11). Defendants cite *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 700 (Bankr. D. Del. 2016) for the proposition that plaintiffs bear the burden of identifying cases showing an affirmative defense does not exist. But, this is not what *Devonshire* says. Rather, in *Devonshire*, the court noted that debtor ("ELP") failed to present case law showing grounds that rendered the claim unenforceable, where ELP had the ultimate burden. The present situation is the exact opposite, as the Defendants bear the ultimate burden of proving their affirmative defense. *Md. Cas. Co. v. Preferred Fire Prot., Inc.*, No. 14-245, 2016 U.S. Dist. LEXIS 27793, at *14 (W.D. Pa. Jan. 28, 2016) ("A defendant asserting an affirmative defense has the burden of proof as to that affirmative defense."); *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997) ("Because failure to exhaust administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving [it]").  Thus, the *Devonshire* court's holding supports the Trustee's Motion because, in responding to the Motion, Defendants bore the burden to present case law showing their affirmative defense is legally cognizable, which they have failed to do.

[5] *United States v. Gilead Scis., Inc.*, 515 F. Supp. 3d 241, 248 (D. Del. 2021) (quoting *U.S. ex rel. Spay v. CVS Caremark Corp.*, No. 09-4672, 2013 U.S. Dist. LEXIS 58273, 2013 WL 1755214, at *1 (E.D. Pa. Apr. 24, 2013)).

[6] *See, e.g., Philips Elecs. N. Am. Corp. v. Contec Corp.*, 312 F. Supp. 2d 639 (D. Del. 2004).

2

*First*, Defendants point to no legal authority for their "reasonable good faith" defense. This is no surprise since "good faith" (and not Defendants' re-characterized "reasonable good faith") is only one element of Defendants' separately pled Section 548(c) defense, which the Trustee does not challenge in his Motion. To establish the Section 548(c) defense, Defendants also need to prove that they gave value to the Debtors in exchange for the transfer, which they cannot do. Defendants cannot do an end run around the two elements required to establish the Section 548(c) defense and thereby defeat the Trustee's fraudulent transfer claims by proving only one element of the defense, their so-called re-characterized "reasonable good faith."

*Second*, Defendants fail to establish any support for their "publicly available information" defense. Defendants' sole support for this "affirmative defense" is *Kupetz v. Wolf*, 845 F.2d 842, 847 (9th Cir. 1988) ("*Kupetz*"), a thirty-four year old case from the Ninth Circuit that *nowhere* recognizes "publicly available information" as an affirmative defense. *Kupetz* did not deal with affirmative defenses at all; instead, it created a fraudulent transfer regime under California state law specifically for LBOs that does not exist elsewhere, including in the Third Circuit, and has been widely criticized.[7] As one legal article aptly stated, *Kupetz* "was not a judicial analysis of the elements and defenses of a right of action. It was a subjective narrative about what the law ought to be."[8] In *Official Comm. of Unsecured Creditors v. Fleet Retail Fin. Grp. (In re Hechinger Inv. Co. of Del., Inc.)*, 274 B.R. 71, 81 (D. Del. 2002), the Delaware District Court noted *Kupetz*'s

---

[7] *See, e.g., In re Morse Tool, Inc.*, 108 B.R. 389, 390 (Bankr. D. Mass. 1989) (rejecting argument that creditors have no standing to avoid a security interest because it was a "well-publicized leveraged buy-out"); *Zahn v. Yucaipa Capital Fund*, 218 B.R. 656, 668 (D.R.I. 1998) (questioning extensively the test articulated in *Kupetz* and deciding against using it); *Leonard v. Norman Vinitsky Residual Trust (In re Jolly's, Inc.)*, 188 B.R. 832, 844 n. 17 (Bankr. D. Minn. 1995) (questioning *Kupetz*).

[8] David R. Weinstein, From Kupetz to Lippi and Beyond: LBOs in the Ninth Circuit - Now What?, 21 Cal. Bankr. J. 169, 191 (1993).

3

hesitancy to apply fraudulent transfer law to LBOs as an early anomaly that has since been widely rejected.    In short, *Kupetz* does nothing to support the existence of a "publicly available information" defense.

The validity of Defendants' two remaining "affirmative defenses" is no trivial matter.  To be an affirmative defense, the defense must be an entire defense to the claim pled.  In other words, even if a plaintiff proves the elements of his claim, an affirmative defense if proven will defeat liability.[9]  Given the significance of an affirmative defense, Defendants cannot create their own defenses or include only one element of a statutory defense.

It is obvious on its face that "publicly available information" does not defeat the Trustee's actual fraudulent transfer claim.  First, misrepresentations and omissions by the Debtors to the syndicate lenders is only one of several indicators of the Debtors' fraudulent intent, as found by the Court.[10]  As a result, the Trustee's actual fraudulent transfer claim is not negated if certain allegedly misrepresented or omitted information was public.  Second, the fact that the DOJ investigation and Ameritox litigation was public, and that the syndicate lenders could ask questions about them, as asserted by Defendants,[11] says nothing about whether the Debtors made misrepresentations and omissions to the syndicate lenders.  The Trustee does not allege that the DOJ Investigation and Ameritox litigation were undisclosed.  Instead, the Trustee alleges that the Debtors made misrepresentations and omissions to the syndicate lenders, including in response to

---

[9] *Sterten v. Option One Mortg. Corp.*, 479 F. Supp. 2d 479, 483 (E.D. Pa. 2007) ("An affirmative defense is an assertion raising new facts and arguments that, if proven, defeat the plaintiff's claim even if the allegations in her complaint are true. In other words, assuming a plaintiff's factual allegations make out a cause of action, an affirmative defense bars it.") (internal citations omitted); 2 James Wm. Moore et al., Moore's Federal Practice P 8.07[1] (3d ed. 2006); Black's Law Dictionary 430 (7th ed. 1999).

[10] (D.I. 52 at 7-9.)

[11] (D.I. 278 at 10.)

their questions, about the status of, and risks posed by, the DOJ investigation and Ameritox litigation, as well as about Debtors' illegal business practices and the Debtors' finances, business model, and sales and marketing practices.[12]   Plainly, the public disclosure of the Ameritox litigation and the existence of the DOJ Investigation does not present a complete defense to the Trustee's actual fraudulent transfer claim.

Similarly, "reasonable good faith" obviously does not defeat a fraudulent transfer claim. If it did, there would be no need for the statutory Section 548(c) defense provided by Congress, which requires both "good faith" and "value."

## II.    CONCLUSION

For the above reasons, Plaintiff respectfully requests that the Court grant the Motion.

Dated: November 23, 2022

Respectfully submitted,

By: /s/ G. David Dean
G. David Dean (No. 6403)
COLE SCHOTZ P.C.
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Tel: (302) 651-2012
ddean@coleschotz.com

Kyle A. Lonergan (*pro hac vice*)
Joshua J. Newcomer (*pro hac vice*)
Grant L. Johnson (*pro hac vice*)
MCKOOL SMITH, P.C.
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York, 10001-8603
(212) 402-9400
klonergan@mckoolsmith.com
jnewcomer@mckoolSmith.com
gjohnson@mckoolSmith.com

*Attorneys for Plaintiff*

---

[12] (D.I. 1 at 13-23); (D.I. 52 at 7-9.)